30745. YOUNGBLOOD *v.* SCHWAN.

DECIDED FEBRUARY 8, 1945.

*Paul Blanchard, Oscar D. Smith,* for plaintiff.

*T. W. Slarlin, Arthur F. Copland,* for defendant.

SUTTON, P. J. (After stating the foregoing facts.) The contract between the parties hereto with reference to the purchase and sale of the house and lot involved was conditional, the condition being that the title to the property was to be acceptable to the plaintiff Youngblood. This provision in the agreement was valid and gave Youngblood the right to refuse to consummate the trade and to demand the return of the $500 deposit, if the title was not acceptable to him. The petition shows that he proceeded immediately to have the title examined and that the attorney employed for this purpose and who examined the title made a written report to the plaintiff advising him that he could not certify the title positively, but only conditionally; that the record title vested in C. L. Booth, who was deceased, that Booth left no will, and the title as vested in E. J. Schwan was contingent on the question of fact as to who the heirs at law and next of kin of C. L. Booth were, and also as to whether his estate owed debts or not; and that there was some hazard in taking such a title. The plaintiff in due time exhibited the report of his attorney to the defendant and demanded a refund of his money; and, under the conditional agreement between the parties and the facts alleged in the petition, we think the plaintiff had a right to refuse to complete the trade, and was entitled to have his deposit returned to him. So far as disclosed by the petition, it cannot be said that he did not use proper discretion and judgment in concluding from the report of his attorney that the title to the property was not acceptable to him. The agreement was not for a merchantable title, but for one that was to be acceptable to Youngblood, not to someone else. The defendant in error insists on the ground of his demurrer that it was not alleged that the title to the property involved had not been rejected capriciously and in bad faith. The petition shows that the plaintiff rejected the title because his attorney failed to approve it, and the reasons for the failure of the attorney to approve the title are specified in his written report to the plaintiff. There is nothing in this report to indicate that it was capriciously or fraudulently made, but on the contrary the reasons given for not certifying the title without reservation appear to have been well taken. It cannot reasonably be said or inferred

from the petition that the plaintiff acted capriciously or fraudulently in not accepting the title to the property in question. But on the other hand it appears that the plaintiff was well within his rights under the terms of the agreement in declining the title as not being acceptable to him. The question raised by the defendant's demurrer is a defensive matter and should have been pleaded as such by the defendant, if in fact it existed and he desired to rely on it. In connection with the principles ruled above, see *City of Rome* v. *Breed,* 21 *Ga. App.* 805 (95 S. E. 474); *Kenney* v. *Walden,* 28 *Ga. App.* 810 (113 S. E. 61). The petition set forth a cause of action and the court erred in sustaining the demurrer and dismissing the action.

*Judgment reversed. Parker, J., concurs. Felton, J., dissents.*