## 40545. McLENDON v. GRAY.

FRANKUM, Judge. This was a suit to recover $500 earnest money paid by the plaintiff-purchaser to the defendant-seller under a contract for the sale of realty by the terms of which the defendant agreed to furnish to the plaintiff a marketable title to said property. The plaintiff alleged that upon examination of the title some 16 objectionable items were discovered, and that the defendant was notified thereof in writing, but that he failed to clear any of the items. At the time the case came on for trial plaintiff was permitted to amend his petition by adding a claim for an additional $500 allegedly paid pursuant to the contract. The case was tried before a judge of the Civil Court of Fulton County sitting without a jury, who, after hearing evidence, rendered judgment for the plaintiff in the amount of $1,000. The defendant made a motion for new trial on the general grounds and on seven special grounds, which motion was overruled, and the exception here is to that judgment. Error is also assigned in the bill of exceptions upon the ruling of the court permitting the plaintiff to amend his complaint so as to include therein a claim for the additional $500 alleged to have been paid.

1. So far as the record appears in this case the allowance of the amendment over the objection that it set forth a new cause

of action was not erroneous. Paragraph 4 of the original petition alleged that, in connection with the signing of the sale contract, the petitioner deposited with the defendant the sum of $500. The amendment to the petition merely added a paragraph 4 (a), which alleged that, subsequent to the signing, an additional sum of $500 was paid to the defendant, making a total of $1,000 paid, and the original prayer, which was for the recovery of $500, was amended so as to seek the recovery of $1,000. Nothing else appearing, this amendment did not add a new cause of action, and it was not subject to the objection urged.

2. The contract provided that the defendant would furnish the plaintiff a marketable title, and that the seller was to convey the property to the purchaser by warranty deed subject only to (1) all valid restrictions of record, (2) zoning ordinances affecting the property, (3) encumbrances as specified in the contract, and (4) existing leases. No encumbrances were specified by the contract as being excepted. A special stipulation provided that the seller would be liable for all liens upon the property for street improvements which bore a date prior to the acceptance of the contract. The evidence and the record showed that there were at least seven liens against the property for street improvements dated prior to the contract date, and the total amount covered thereby was $1,892.18. The evidence shows that the defendant never did offer to perform the contract in accordance with its terms, and there was no obligation on the plaintiff to undertake to perform until the liens were discharged. *Douglas v. McNabb Realty Co.,* 78 Ga. App. 845, 853 (3c) (52 SE2d 550). See also *City of Rome v. Breed, Elliot & Harrison,* 21 Ga. App. 805 (95 SE 474); *Kenney v. Walden,* 28 Ga. App. 810 (3) (113 SE 61); *Youngblood v. Schwan,* 72 Ga. App. 86 (33 SE2d 26). The evidence authorized the judgment for the plaintiff.

3. A ground of a motion for new trial complaining of the exclusion of documentary evidence must set forth, literally or substantially, either in the ground itself or as an exhibit thereto, or by specific reference to another part of the record, the document excluded so that the court can ascertain whether the excluded evidence was material and relevant to the issues and whether its exclusion was harmful to the complaining party. A ground of a motion for new trial complaining of the exclusion of evidence, which does not thus set forth the

evidence offered and excluded, is incomplete and presents nothing for the court's consideration. *Harris v. State,* 96 Ga. App. 395, 400 (2) (100 SE2d 120); *Thrailkill v. State,* 103 Ga. App. 189, 191 (3) (118 SE2d 837), and cits. As a corollary proposition a special ground of a motion for new trial complaining of the exclusion of oral testimony which fails to show that a pertinent question was asked, that a statement was made to the court at the time it was asked showing what the answer would be, and that the testimony was material and would have benefited the movant, is too incomplete to be considered. *Griffin v. Henderson,* 117 Ga. 382 (2) (43 SE 712); *Bowden v. Bowden,* 125 Ga. 107, 108 (1) (53 SE 606); *Bourquin v. Bourquin,* 151 Ga. 575, 578 (2) (107 SE 767); *Clare v. Drexler,* 152 Ga. 419 (1) (110 SE 176); *Thompson v. Central of Ga. R. Co.,* 102 Ga. App. 5, 7 (4) (115 SE2d 471). Special ground 1 assigns error "because the court refused to admit the defendant's exhibit No. 2, being affidavit of Regal Concepcion." This ground does not set forth the substance of defendant's exhibit No. 2, or make reference to any place in the record where it might be found. Special grounds 4, 5, 6, and 7 complain of the exclusion of oral testimony sought to be elicited from various witnesses. None of these grounds shows that a pertinent question was asked or that a statement was made to the court at the time showing what answer was expected, nor is there any showing in any of these grounds as to how the expected testimony would have been material or would have benefited the movant, if it had been admitted. In these circumstances there was nothing for the trial court to decide, and it is impossible for this court to ascertain whether the movant would have been benefited by the admission of the evidence or how he was injured by its exclusion.

4. Special grounds 2 and 3 attempt to assign error on the allowance of the amendment to the petition. It is fundamental that objections to rulings on pleadings are not proper grounds of a motion for new trial. *Beck v. State,* 100 Ga. App. 759, 760 (1) (112 SE2d 426); *Halligan v. Underwriters at Lloyd's,* 102 Ga. App. 905, 909 (2) (118 SE2d 107). These grounds cannot, therefore, be considered.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

DECIDED APRIL 7, 1964.

*Cassandra E. Maxwell,* for plaintiff in error.
*Sam Dettelbach,* contra.