## 40903. BRADLEY v. SHERWIN.

FELTON, Chief Judge. 1. A special ground of a motion for a new trial complaining of the admission in evidence of testimony is not complete enough to be considered when it does not contain all of the substance of the testimony showing harmful error or refer to the pages of the record where it might be found. *Troy v. Wright Body Works, Inc.*, 109 Ga. App. 346 (1) (136 SE2d 197). Special ground 1 is incomplete.

2. Ground 2 is incomplete for the reason given in Headnote 1.

3. Special ground 3 is without merit. The plaintiff could testify as to the value of her automobile before and after it was damaged. Moreover, pictures of her automobile after the damage were in evidence; the plaintiff had another per-

son to get an appraisal of the value of the car after the damage and plaintiff testified that she paid approximately $2,500 for the car new and had owned it only a few weeks. In addition, there was no objection to the plaintiff's testimony as to the difference in the value of the car before and after the damage. *National Ben Franklin Fire Ins. Co. v. Darby*, 48 Ga. App. 394 (3) (172 SE 819); *Atlanta Metallic Casket Co. v. Hollingsworth*, 107 Ga. App. 594, 597 (2) (131 SE2d 61).

4. Special ground 4 is without merit because the plaintiff amended her petition to allege a permanent injury to conform to the testimony to which the defendant objected.

5. Special ground 5 complains of the failure of the court to exclude from the jury's consideration the question of damages for permanent injuries on the ground that the petition did not allege a permanent injury. The ground is without merit. An amendment was filed to so allege and the evidence authorized the charge.

6. The exception in ground 6 to the refusal to strike the amendment alleging damages for permanent injury is without merit as such an assignment of error cannot be made a part of a motion for a new trial. *McLendon v. Gray*, 109 Ga. App. 542 (136 SE2d 507).

7. Special ground 7 is without merit. This ground complains of the excessiveness of the verdict. The fact that the jury found 77% of the general damages prayed for and only 10% of the original punitive damages prayed for does not alone show bias, prejudice or mistake. The evidence authorized the verdict in the amounts found.

8. Special ground 8 complains of the failure by the court to grant a continuance of the case. Under the circumstances in this case the trial judge did not abuse his discretion in denying the motion for a continuance. The original counsel for the defendant announced "ready" upon the call of the calendar. Mr. Jack Brinkley originally represented the defendant having been employed by defendant's insurance carrier. After the insurance carrier decided that it would dispense with the services of Mr. Brinkley, an attorney for the insurance carrier telephoned the present counsel and asked him if he would undertake the defense of the case, in reply to which communication the present attorney told the attorney for the insurance carrier that he would not have sufficient

time to prepare a defense but that he would do all in his power to do so, and the substitute counsel was hired by the insurance carrier on such basis. Mr. Brinkley had had witnesses called. A dispute arose between Mr. Brinkley and the attorney for the insurance carrier who had control of the employment of counsel for the defendant as to whether Mr. Brinkley represented the defendant or the insurance carrier alone, due to the fact that there was some question whether the liability insurance policy covered punitive damages, for which the defendant was sued in connection with other damages. The attorney for the insurance carrier instructed Mr. Brinkley that he represented only the insurance carrier. The evidence is conflicting on the question whether Mr. Brinkley voluntarily withdrew from the case or whether he was summarily replaced. The substitute attorney had a week in which to prepare his trial after he was employed, and the plaintiff had incurred the expense of traveling from Vermont to Columbus, Ga., to try her case. The defendant on the trial of the case did not call a witness or otherwise introduce any evidence and claimed the opening and concluding arguments. The answer filed by the defendant was confined solely to a general denial of the allegations of the petition. *Hunter v. Jones,* 36 Ga. App. 816 (2) (138 SE 263); *Burchard v. Boyce,* 21 Ga. 6 (2); *Berryman v. Bryant,* 146 Ga. 13 (1) (90 SE 281); *DeKrasner v. Boykin,* 54 Ga. App. 38 (3) (186 SE 749); *Dowis v. McCurdy,* 109 Ga. App. 488 (136 SE2d 389). It does not appear in this case that the trial judge in refusing to grant a continuance displayed a want of consideration for the rights of the defendant or that a gross mistake was made by the judge. *Hall v. State,* 22 Ga. App. 112 (1c) (95 SE 936); *Jones v. State,* 148 Ga. 582 (1) (97 SE 621); *Leathers v. Leathers,* 132 Ga. 211 (1) (63 SE 1118); *Guinn v. State,* 91 Ga. App. 869 (7) (87 SE2d 367).

9. Special ground 9 complains of the refusal to give the following request to charge: "You are instructed that if your verdict shall be for the plaintiff, it shall be your duty to assess her damages in an amount that will reasonably and justly compensate her for injuries. You shall not engage in speculation or conjecture in arriving at the damages but shall base your verdict on the evidence before you. Before you award damages for a temporary injury, you should be satisfied by a preponderance of the evidence that the injuries are tem-

porary, and if you find that they are temporary, then your award should be on the basis of temporary injuries." Since there is no assignment of error complaining that the request was not given in the exact language of the written request, this court will only consider whether the request was substantially covered by the charge given by the court. *Delta Corp. v. Knight*, 109 Ga. App. 3 (3a) (135 SE2d 56). This request was substantially covered by the charge given.

10, 11. Special ground 10 is too incomplete to raise any question for determination by this court for the reason that it does not set forth the evidence which is necessary to be considered in passing on the assignment of error and does not refer specifically to the location of such evidence in the record. Ground 11 is likewise incomplete.

12. The evidence authorized the verdict and the court did not err in overruling the motion for a new trial on the general grounds.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*

DECIDED NOVEMBER 13, 1964.

*Lawrence S. Rosenstrauch*, for plaintiff in error.

*Kelly, Champion & Henson, S. E. Kelly, John W. Denney, J. Norman Pease*, contra.