## 56296. CORROSION CONTROL, INC. v. WILLIAM ARMSTRONG SMITH COMPANY.

BELL, Chief Judge.

In this suit plaintiff alleged that a prior conversion suit had been settled between the parties by the execution of a release agreement whereby defendant would return certain materials to plaintiff in consideration of plaintiff's dismissal of the conversion action; that the suit for conversion was dismissed with prejudice; and that defendant has nevertheless refused to return the materials. Plaintiff prayed for actual damages, punitive damages and for expenses of litigation caused by defendant's bad faith and stubborn litigiousness. Defendant answered, admitting the settlement and dismissal, but alleged that the settlement agreement was premised on an Internal Revenue Service lien against plaintiff which was subsequently released as to the materials in question.

At the close of all the evidence, the plaintiff moved for a directed verdict as to liability which was denied by the court. The court did direct a verdict for defendant as to plaintiff's claims for punitive damages and attorney fees. The jury returned a verdict for defendant, and plaintiff appeals. *Held:*

1. We reverse. To recover damages, a party who bases his action on an express contract must have performed all his obligations under the contract. See

*McLendon v. Gray,* 109 Ga. App. 542 (136 SE2d 507). It is undisputed that plaintiff fully performed its responsibility under the agreement by dismissing the suit. It is also undisputed that defendant failed to perform its duty by refusing to return the materials. Defendant also failed to show any legal excuse for its non-performance. While the evidence did show the existence of a federal tax lien against plaintiff this lien would not prevent defendant from delivering the personalty which the settlement agreement required. Neither side has cited any authority, and our research fails to reveal that this tax lien would be a valid defense to performance of the contract. Therefore, a verdict was demanded for plaintiff as to liability, and the court erred in denying plaintiff's motion for a directed verdict. CPA § 50 (a) (Code Ann. § 81A-150 (a)).

2. This action was based solely on the breach of the settlement contract. Therefore, the trial court did not err in directing a verdict against plaintiff as to punitive damages. By statute, exemplary damages are not allowed in cases arising on contract. Code Ann. § 20-1405. However, there is some evidence which would authorize the jury to allow expenses of litigation under Code § 20-1404. Therefore, we reverse and direct the trial court to enter a judgment for plaintiff as to liability and to submit to a jury the issue of general damages as well as litigation expenses.

*Judgment reversed with direction. Shulman and Birdsong, JJ., concur.*

ARGUED SEPTEMBER 18, 1978 — DECIDED OCTOBER 25, 1978 — REHEARING DENIED NOVEMBER 7 AND NOVEMBER 14, 1978.

*Glenville Haldi,* for appellant.
*Hayes & Hayes, Mose S. Hayes, Jr.,* for appellee.