## 60788. CORROSION CONTROL, INC. v. WILLIAM ARMSTRONG SMITH COMPANY.

CARLEY, Judge.

In *Corrosion Control, Inc. v. W. A. Smith Co.,* 148 Ga. App. 75 (251 SE2d 49) (1978) this court held that the plaintiff-appellant's motion for directed verdict was erroneously denied as to the defendant-appellee's liability for breach of a settlement contract. Accordingly, the case was reversed and the trial court was directed to enter a judgment for appellant and to submit the issue of damages to the jury. Pursuant to the remittitur of this court the case was then returned to the trial court where, according to appellant's counsel, "we did a very poor job of presenting the evidence on damages. We were not prepared . . . and we dismissed voluntarily."

Thereafter the instant suit was filed by the appellant against the appellee, again seeking damages for the breach of the settlement

contract. There being no demand for jury trial, the case was heard by the trial judge sitting as the trior of fact. The case came on for trial and the judge, in the belief that the issue of the appellee's liability was established by this court's decision in *Corrosion Control, Inc.,* supra, limited the triable issue solely to the question of damages. In accordance with Code Ann. § 81A-141 (b), at the close of appellant's evidence of damages the trial judge entered judgment against it, stating: "[Appellant] didn't prove [its] damages. Liability was there. [It] didn't prove the damages, and I am giving [appellee] a judgment on the evidence." The instant appeal is taken by the appellant from this order of the court.

"In a suit for damages for breach of contract, the plaintiff must allege and prove both the breach and the damage . . ." *James v. Emmco Ins. Co.,* 71 Ga. App. 196 (2) (30 SE2d 361) (1944). In the instant case the trial court erred in finding that the appellee's liability for breach of the contract was established by the decision in *Corrosion Control, Inc.,* 148 Ga. App. 75, supra. There is no doubt that *Corrosion Control, Inc.,* established the "law of the case" when the suit was returned to the trial court on remittitur. However, when appellant thereafter voluntarily dismissed its suit, the underlying viability of *Corrosion Control, Inc.,* for anything other than its precedential value was lost to the appellant. " '(A) suit dismissed without prejudice pursuant to Rule 41 (a) (2) leaves the situation the same as if the suit had never been brought in the first place.' [Cits.]" *Matthews v. Riviera Equipment, Inc.,* 152 Ga. App. 870 (264 SE2d 318) (1980). Thus, it was incumbent upon the appellant to produce evidence as to the appellee's liability for breach of the contract in the instant case — a new suit. However, since dispensing with the appellant's burden of proving liability was error only as to the appellee, we view the dispositive issue in the case as whether the appellant met its burden of proving damages and whether, assuming the appellee's liability was established, it was reversible error to enter judgment against the appellant. If it was not error to enter judgment for the appellee under the appellant's evidence as to damages the case need not be reversed.

The appellant contends that its evidence showed the value of the materials retained by the appellee in breach of the settlement contract, lost profits resulting from the retention of certain materials belonging to it, and entitlement to attorney's fees. We have carefully reviewed the evidence and find no evidence which would demand or even authorize a finding of damages in the amount of the value of the property. *Reed v. Piper,* 145 Ga. App. 75 (2) (243 SE2d 257) (1978). Also, evidence that the appellee's refusal to return the material in "January or February of '76" resulted in lost profits is not proof of

damages "traced solely to the breach of the contract," which was itself not made until June of 1976. Code Ann. § 20-1406. Nor do we find any evidence which would demand an award of attorney's fees. See *Midtown Prop. Inc. v. Geo. F. Richardson, Inc.,* 139 Ga. App. 182, 187 (7) (228 SE2d 303) (1976). We find without merit appellant's contention that — based upon *Bradley v. Godwin,* 152 Ga. App. 782 (264 SE2d 262) (1979) — it is nonetheless entitled to nominal damages and that the case must be reversed for this reason. *Bradley* merely stands for the proposition that "reversal and new trial [is] required when the failure to award nominal damages [is] attributable not to verdict of the finder of fact but to the court" and that "under the Civil Practice Act it is not necessary to pray specifically for general or nominal damages in order to present a question for the jury as to nominal damages." *Bradley,* 152 Ga. App., supra at 785 and 788. This rationale does not attach in a case, as here, where the failure to award nominal damages *is* attributable to the verdict of the finder of fact. ". . . '[I]n this class of cases (contract cases where nominal damages denied by verdict) a reviewing court will not constrain the primary court to grant a new trial in order that mere nominal damages may be recovered.' " *Bradley,* 152 Ga. App. at 785, supra. "As the jury might have found the plaintiff was entitled to nominal damages, the court had no right to deprive him of his right to recover them. Had the case been submitted to the jury and they had found against the plaintiff generally, it would have been proper to allow the verdict to stand; and even if it plainly appeared that he was entitled to nominal damages only, and the court had refused a new trial, we would not reverse the trial court because of such refusal, it having been repeatedly ruled by this court that a new trial will not be ordered simply to allow a plaintiff an opportunity to recover merely nominal damages." *Addington v. Western & A. R. Co.,* 93 Ga. 566, 569 (20 SE 71) (1894). Thus viewing the instant case in the light most favorable to the appellant—appellee was in breach of the settlement contract but the finder of fact nonetheless failed to award nominal damages — no ground for reversal is stated. Here, since a verdict for nominal damages was authorized but not demanded, a reversal of the judgment in favor of appellee defendant is not mandated. See *Brown v. Wingard,* 122 Ga. App. 544 (4) (177 SE2d 797) (1970).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED JANUARY 30, 1981.

*Glenville Haldi,* for appellant.
*Mose S. Hayes, Jr.,* for appellee.