69169. HODSDON v. WHITWORTH et al.
(328 SE2d 753)

McMURRAY, Presiding Judge.

After having been tried three times, the plaintiff once again brings this case before this court for resolution. In our previous deci-

---

[1] See *Forrester v. Buerger*, 241 Ga. 34, 35 (244 SE2d 345) (1978), which refers to the rights of the *child*.

sions, we ruled that as a result of the defendant's actions, the plaintiff was subjected to a wrongful foreclosure. *Hodsdon v. Whitworth*, 153 Ga. App. 783, 787 (266 SE2d 561). See also *Hodsdon v. Whitworth*, 162 Ga. App. 793 (293 SE2d 70).

In plaintiff's complaint he is seeking general damages, punitive damages and attorney fees based upon various causes of action derived from the wrongful foreclosure. After the third trial, the jury awarded plaintiff no general or punitive damages, but it did award him $7,500 as attorney fees. From this verdict the plaintiff appeals. *Held*:

1. In his first enumeration of error the plaintiff argues that the trial court erred in overruling his motion for new trial because the verdict was contrary to the evidence and contrary to law.

After a careful review of the record, we find no evidence which required the jury to return a verdict for the plaintiff for general or punitive damages. Plaintiff contends the verdict was contrary to the law because he was entitled to nominal damages. We recognize that the law infers some damages from the invasion of a property right and if no evidence is given of any particular amount of loss, declares this right by what is termed nominal damages. OCGA § 51-12-4; *Ga. Power Co. v. Womble*, 150 Ga. App. 28, 32 (256 SE2d 640). However, we find the plaintiff's contention to be without merit as this court has held that a new trial will not be ordered simply to allow the plaintiff to present a question for the jury as to nominal damages. *Addington v. Western & Atlantic R. Co.*, 93 Ga. 566, 569 (20 SE 71); *Corrosion Control, Inc. v. William Armstrong Smith Co.*, 157 Ga. App. 291, 293 (277 SE2d 287). Therefore, in the case sub judice, since a verdict for nominal damages was authorized but not demanded, a reversal of the judgment because of the jury's verdict is not mandated.

We acknowledge the jury's verdict may be inconsistent because it awarded attorney fees to plaintiff and if the defendant had cross-appealed based on the jury's verdict awarding the plaintiff attorney fees, we would be compelled to address this issue. However, since this is not the case, we must affirm the jury's verdict, including the award for attorney fees.

2. In his second enumeration of error the plaintiff contends that the trial court erred in not re-charging on the issue of nominal damages. We note that plaintiff did not request a charge on nominal damages until after the jury returned its verdict and was dismissed. In light of our ruling in Division 1 of this opinion, any error in not recalling the jury to be charged on nominal damages was harmless.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 14, 1985.

*R. Dale Perry*, for appellant.
*Andrew J. Hill, Jr., James H. Wood*, for appellees.