## A04A1311. CARSWELL v. OCONEE REGIONAL MEDICAL CENTER, INC.
(605 SE2d 879)

BARNES, Judge.

Christopher Drew Carswell, M.D. appeals the trial court's grant of summary judgment on behalf of Oconee Regional Medical Center, Inc. ("Oconee Medical"), in this breach of contract action.

In his sole enumeration of error, Carswell argues that summary judgment was not properly granted to Oconee Medical because the

trial court erred in finding that his contract with Oconee Medical was an entire contract and not divisible, and in finding that the six-year statute of limitation for breach had not run as to any part of the contract. We agree, and thus reverse the trial court's judgment.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We apply a de novo standard of review to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the evidence showed that in May 1993, Carswell, a pediatrician, entered into a contract deemed a "Not for Profit Net Income Guarantee Agreement" (the "Agreement"). Pursuant to the Agreement, Carswell agreed to set up a full-time pediatrics practice in Milledgeville and serve as a staff physician at the hospital for three years, and in return the hospital agreed to pay Carswell's relocation expenses and to subsidize his practice income for two years. In the months Carswell's monthly practice net income was less than the net income guarantee of $8,333.33, Oconee Medical would advance Carswell the amount needed to equal $8,333.33. In the months that Carswell's practice net income exceeded $8,333.33, he had to pay any excess earned that month to the hospital until the total amount subsidized to him, if any, had been repaid.[1] The payments were to be made within ten days from the end of the month in which the net income exceeded the guaranteed amount until any subsidy was repaid. Between July 1993 and December 1993, Carswell's monthly practice income was less than the guaranteed amount, and subsequently he was advanced $96,899.51. From January 1994 until June 1995, Carswell's monthly practice net income met or exceeded the guaranteed amount, but he did not make any payments to the hospital, although the payments were due by the tenth of the following month.

---

[1] The contract provided that:

> The subsidy will equal the difference between net practice income for each of the initial 12-month periods and One Hundred Thousand Dollars ($100,000) per 12-month period, prorated monthly. The subsidy will begin the date Physician begins practice. In no event will the subsidy exceed One Hundred Thousand Dollars ($100,000) during each of the initial 12-month periods.

> Net practice income is defined as gross collections . . . minus reasonable professional expenses. . . . Net practice income will be computed on a cash basis. Payments will be made each month to equal the difference between monthly net practice income and $8,333.33. In the event net practice income during the month exceeds $8,333.33 per month, Physician is obligated to pay the difference between net practice income and $8,333.33 to the Hospital. . . .

On June 29, 2001, the hospital filed a complaint for reimbursement of the income subsidy payments of $96,899.51, plus another $4,800 for a separate loan to Carswell. Carswell answered, contending, among other things, that the claim was barred by the statute of limitation. After hearing cross-motions for summary judgment, the trial court granted summary judgment to the Hospital, finding that the Agreement was an entire contract and the six-year statute of limitation for contracts had not run. Carswell appeals.

Carswell contends that the Agreement is a divisible contract, and as such, Oconee Medical is only entitled to recover those payments under the Agreement which came due within six years from the filing date of the complaint. He argues that the contract was first breached when he failed to make the first monthly payment which was due on February 10, 1994, and that this breach, and every other breach, except the final missed payment, due on July 10, 1995, are barred by the statute of limitation because they occurred more than six years before the Hospital filed its complaint. We agree.

OCGA § 9-3-24 requires that an action upon a written contract be brought within six years after the contract becomes due and payable. And when that six-year period begins running on a breach of contract claim depends on whether the agreement is entire or divisible. *Douglas & Lomason Co. v. Hall*, 212 Ga. App. 475, 477 (1) (441 SE2d 870) (1994).

> If the contract is found to be strictly divisible, the statute will run separately as to each payment or performance when it becomes due, either as an independent obligation or as a return for an installment of the counter-performance. . . . [OCGA § 13-1-8] provides that a contract may be either entire or severable. In the former the whole contract stands or falls together; in the latter, the failure of a distinct part does not void the remainder. The character of the contract in such case is determined by the intention of the parties. Numerous cases have stated that the criterion for determining whether the contract is entire or severable under this rule is to be found in the question of whether the whole quantity, service, or thing, all as a whole, is of the essence of the contract, and if it appear that the contract was to take the whole or none, then the contract would be entire, but, on the other hand, if the quantity, service, or thing is to be accepted by successive performances, then the contract may be properly held to be severable.

*Piedmont Life Ins. Co. v. Bell*, 103 Ga. App. 225, 235 (3) (119 SE2d 63) (1961).

In *Walker v. Gwinnett Hosp. System*, 263 Ga. App. 554 (588 SE2d 441) (2003), another case involving a loan between a doctor and a hospital, we held that in an agreement stipulating that the doctor shall pay the hospital the excess of her net income over $3,000 until the loan was paid in full, the contract was not breached until the doctor began making sporadic payments to the hospital in violation of the repayment terms of the agreement. The doctor had argued that the provision in the agreement mandating that the loan would be paid off within twelve months obligated her to pay off her loan before the twelve-month anniversary, and that the six-year statute of limitation began to run as of that date. And, since the complaint was filed outside that window, the complaint was barred.

Oconee Medical argues that *Walker* pertained to a loan covering start-up expenses, not just the doctor's salary, and thus, because the parties contracted for the loan, the loan was the consideration for the contract. It argues that in this case,

> [Carswell] did not contract for, nor did the [Hospital] agree to loan, an indeterminate sum of money to establish [Carswell's] practice. . . . Rather, [Carswell], in return for his promise to serve the Milledgeville community for three years, was assured by the [Hospital] that, inter alia, he would receive a secure and definite monthly income stream during the first two years of his medical practice.

The hospital's argument appears to be that Carswell's contract was more akin to an employment contract, and that his service for three years was the entire agreement. We are not persuaded by this argument. The Agreement here is not entire, because the contractual consideration at issue is not a single sum certain, but an indefinite total amount which was payable in installments. See *Douglas & Lomason Co. v. Hall*, supra, 212 Ga. App. at 477 (1). The Agreement provided for the ongoing monthly payment of an amount to be determined based on Carswell's monthly net practice income minus the guaranteed $8,333.33. Under the Agreement, any overage was due on a month-to-month basis as Carswell incurred the legal obligation to pay based on his net practice income. Payment on any particular month was not certain or definite.

Therefore, as a divisible contract, "all the breaches occurring up to the commencement of the action must be included therein." OCGA § 13-6-14. And the statute of limitation begins to run "on the date that suit on the claim can first be brought." *Hoffman v. Ins. Co. of North America*, 241 Ga. 328, 329 (245 SE2d 287) (1978).

Here, the six-year period in this case started when the first breach of the Agreement occurred, which was February 1994, the first

month after Carswell's monthly net practice exceeded the net income guarantee. From January 1994 until June 1995, Carswell's net practice income exceeded the guaranteed amount 11 times. Because the Agreement is "strictly divisible, the statute will run separately as to each payment or performance when it becomes due." *Piedmont Life Ins. Co. v. Bell*, supra, 103 Ga. App. at 235 (3); see also *Douglas & Lomason Co. v. Hall*, supra, 212 Ga. App. at 477 (1).

The Hospital filed this claim on June 29, 2001, and pursuant to the Agreement, Carswell's last payment was due on July 10, 1995. Accordingly, the statute of limitation had run as to all of the monthly payments except the last one. See *Mobley v. Murray County*, 178 Ga. 388, 396 (173 SE 680) (1934). Claims for those unpaid monthly payments due more than six years before the suit was filed are barred. See *Baker v. Brannen/Goddard Co.*, 274 Ga. 745, 750 (2) (559 SE2d 450) (2002). Thus the trial court erred in finding that the statute of limitation had not run as to any part of the Agreement, and in rendering its judgment in the amount of $101,699.51 to the Hospital.

Therefore, the judgment of the trial court is reversed. Because Carswell did not enumerate as error the trial court's denial of his motion for summary judgment, we cannot direct the trial court to issue judgment in his favor on Oconee Medical's claims that are barred by the statute of limitation.

*Judgment reversed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 21, 2004.

*Frier & Oulsnam, Donald R. Oulsnam, Travis M. Trimble*, for appellant.

*James, Bates, Pope & Spivey, Thomas W. Huyck, Stephen L. Dillard, Thomas C. James III*, for appellee.