[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-16308
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00080-CV-CAR-3

BRIDGE CAPITAL INVESTORS II,

Plaintiff-Counter-
Defendant-Appellee,

versus

PRESTON W. SMALL,

Defendant-Counter-
Claimant-Appellant,

SUSQUEHANNA RADIO CORP.,

Defendant-Counter-
Defendant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(June 20, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Defendant, Preston W. Small ("Small"), appeals the district court's order granting summary judgment in favor of Plaintiff, Bridge Capital Investors, III ("BCI"), as to Small's counterclaims for breach of contract and specific performance. For the reasons that follow, we affirm.

## I. BACKGROUND

On February 12, 1990, Small entered into a contract ("Small Agreement") with Emerald Broadcasting of the South, Inc. ("Emerald") and Crown Broadcasting ("Crown"), which were owned by Thomas Gammon ("Gammon"). Under the Small Agreement, Small received $2 million in exchange for his agreement not to "interfere or conflict with or delay" certain relocation plans for Emerald's radio station WHMA-FM ("the Station"). The Small Agreement further provided that Emerald was to pay Small an additional $1 million if Emerald sold the Station to a person or entity in which Emerald, Crown, or Gammon held no interest.

In January of 1991, Emerald merged with Sapphire Broadcasting, Inc., and the name of the resulting corporation became Sapphire Broadcasting, Inc. ("Sapphire"). On May 12, 1994, Gammon, the sole stockholder of Sapphire,

2

transferred all of his shares in Sapphire to BCI. BCI was the successor-in-interest to all of the original rights and responsibilities of Emerald under the Small Agreement, including the $1 million payment obligation, which Small seeks from BCI in his counterclaims. On November 6, 1996, Sapphire entered into an agreement to sell the assets of the Sation to Susquehanna Radio Corp. ("Susquehanna").

In December of 1996, Small consented to the filing with the FCC of a station relocation petition for his station, WPWS, by his assignee, Scott's Trail Radio ("Scott's Trail"), and Scott's Trail concurrently filed a petition to dismiss the Emerald/Sapphire petition to relocate the Station. As a result of Scott's Trail's petition to dismiss, the FCC dismissed Emerald/Sapphire's petition to relocate the Station.

BCI filed suit against Small for breach of contract alleging that Small breached the Small Agreement by filing relocation petitions with the FCC that interfered with and conflicted with the relocation plans of the Station. Small filed counterclaims alleging that BCI breached the Small Agreement by failing to pay the $1 million additional payment in 1994 when Gammon transferred control of Emerald/Sapphire to BCI, in 1997 when BCI assigned the Station to Susquehanna, and in 2001 when Susquehanna commenced operation of the Station in Atlanta,

3

and seeks specific performance of the Small Agreement. Small additionally asserted a counterclaim for fraudulent inducement. The district court granted BCI's Motion for Summary Judgment as to Small's counterclaims, holding that they were barred by the statute of limitations and failed as a matter of law. After reviewing the record and reading the parties' briefs, we agree.

## II. DISCUSSION

In this case we consider whether the district court erred in granting summary judgment in favor of BCI as to Small's counterclaims for breach of contract and specific performance.[1] We review the district court's grant of summary judgment *de novo*. *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002).

Small's counterclaim for breach of contract alleging that BCI breached the Small Agreement in 1994 when Small was not paid the $1 million is barred by the applicable six year statute of limitations found in O.C.G.A. § 9-3-24, providing that "[a]ll actions upon simple contracts in writing shall be brought within six years after the same become due and payable." The $1 million obligation would

---

[1]Small failed to provide any argument to this court as to why the district court erred in granting summary judgment against Small as to his counterclaim for fraudulent inducement, and thus such argument is deemed abandoned. *See Love v. Deal*, 5 F.3d 1406, 1407 n.1 (11th Cir. 1993).

have become payable on May 12, 1994, when the alleged breach occurred, and thus, the statute of limitations ran on May 12, 2000. *See Gamble v. Lovett Sch.*, 350 S.E.2d 311, 312 (Ga. Ct. App. 1986) (holding that the time of breach controls in contract actions for statute of limitations purposes). Small did not attempt to bring a claim for the alleged 1994 breach until November 19, 2002, over two and a half years after the statute of limitations ran. Accordingly, his counterclaim for breach of contract for BCI's alleged breach in 1994 is time-barred.

The Small Agreement is not a severable contract because the contractual obligation at issue is a single sum certain to be paid in a lump sum, and thus Small cannot seek to recover for alleged subsequent breaches in 1997 and 2001. *See Carswell v. Oconee Reg'l Med. Ctr., Inc.*, 605 S.E.2d 879, 881 (Ga. Ct. App. 2004). However, even if we accept Small's argument on appeal that a breach did not occur in 1994, but rather in 1997 when BCI sold the Station to Susquehanna, we agree with the district court that Small's counterclaims still fail as a matter of law.

The district court held that because Small began acting contrary to the agreement's non-compete provision in 1996 by his FCC filings, he cannot seek to recover for BCI's alleged subsequent breach in 1997 or 2001. *See Corrosion Control, Inc. v. William Armstrong Smith Co.*, 251 S.E.2d 49, 50 (Ga. Ct. App.

5

1978) (holding that "[t]o recover damages, a party who bases his action on an express contract must have performed all his obligations under the contract."). Small does not argue that he did not breach the contract in 1996, but contends that the non-compete provision is an invalid basis for alleging he breached the contract because it violates O.C.G.A. § 13-8-2, prohibiting contracts against public policy. We agree with the district court that "if this provision, which is the essence of the Small Agreement, is not valid, then the entire agreement including the $1 [million] obligation is also void." Accordingly, under such argument Small's counterclaims would fail because there would be no contract upon which to sue.

Finally, Small argues that he could not have breached the contract in December 1996 by making FCC filings because the Small Agreement set forth a six-year "performance period," which he asserts caused the agreement to terminate by its own terms on February 12, 1996, six years after the execution of the contract in 1990. Applying Small's argument, his counterclaims for BCI's breach of contract in 1997 and 2001 and specific performance must fail as a matter of law because the agreement terminated in 1996.

Accordingly, we affirm the district court's grant of summary judgment in favor of BCI as to Small's counterclaims.

AFFIRMED.