A07A0611. NEW MORN FOODS, INC. v. B & B EGG COMPANY.
(648 SE2d 428)

MIKELL, Judge.

On July 19, 2004, New Morn Foods, Inc. ("New Morn") brought this action against B & B Egg Company ("B & B") seeking to recover $80,223.02 in costs incurred in repairing the septic system on real property that New Morn had subleased from B & B. The trial court granted partial summary judgment in favor of B & B, ruling that claims which arose more than six years before this action was filed were time-barred. New Morn appeals, and we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We apply a de novo standard of review to an appeal from a grant of summary judgment, and we view the

evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the record reflects that in late December 1997, several months after New Morn had subleased certain land and improvements (the "premises") from B & B pursuant to a Sublease Agreement (the "Sublease"), New Morn began to have problems with the septic system located on the premises. Starting in January 1998 and ending on November 4, 1998, New Morn paid a total of $80,223.02 to various vendors and contractors for work on the septic system.

On October 7, 2003, New Morn informed B & B of the repairs to the septic system and demanded reimbursement for all the costs incurred, basing its demand on Paragraph 6 of the Sublease, which provided that repairs costing less than $10,000 were the responsibility of New Morn as Sublessee, but "any repair . . . which individually costs in excess of Ten Thousand ($10,000.00) Dollars . . . shall be the responsibility of Sublessor," that is, B & B. B & B refused payment, and New Morn filed this action. New Morn appeals the trial court's grant of partial summary judgment in favor of B & B as to those claims (amounting to $77,298.02) incurred more than six years before the action was filed.

There is no dispute that the six-year statute of limitation found in OCGA § 9-3-24[2] applies in this case. The issue before this Court is when the statute began to run. Georgia courts have long held that the statute of limitation in a contract dispute begins to run "on the date that suit on the claim can first be brought."[3] The date when suit can first be brought "depends on whether the [contract] is entire or divisible."[4] Where an agreement is divisible, "the statute will run separately as to each payment or performance when it becomes due."[5] Because the amounts payable under Paragraph 6 of the Sublease were for an indefinite total amount payable over an uncertain period, this contract was divisible.[6] Thus, the date that New Morn could first have brought suit on its claim against B & B was in January 1998,

---

[1] (Citation omitted.) *Carswell v. Oconee Regional Med. Center*, 270 Ga. App. 155, 156 (605 SE2d 879) (2004), citing OCGA § 9-11-56 (c).

[2] OCGA § 9-3-24 provides, in pertinent part: "All actions upon simple contracts in writing shall be brought within six years after the same become due and payable."

[3] (Citation and punctuation omitted.) *Koncul Enterprises v. Fleet Finance*, 279 Ga. App. 39, 41 (1) (b) (630 SE2d 567) (2006).

[4] (Citation omitted.) *Baker v. Brannen/Goddard Co.*, 274 Ga. 745, 748 (2) (559 SE2d 450) (2002).

[5] (Citation and punctuation omitted.) Id. at 750 (2).

[6] Id. at 749 (2) (contract to pay commissions in indefinite total amount earned on month-to-month basis over an indefinite period was divisible).

when the sewer repair costs exceeded $10,000. The statute of limitation began to run at that point on claims represented by those invoices; a new limitation period began for each subsequent invoice New Morn received.[7] It follows that the statute of limitation had expired as to those claims invoiced and paid more than six years before New Morn filed this action.[8]

New Morn, however, contends that the case at bar should be governed by the rule applied in construction contract cases, so that the limitation period would not begin until September 1998, when the septic system project as a whole was "substantially complete" and operable.[9] We disagree.

The contract in this case is a sublease, not a construction contract. Further, it contains no language requiring New Morn to wait until a repair costing more than $10,000 is finished or "substantially complete" before such a repair becomes B & B's responsibility pursuant to Sublease Paragraph 6 and the statute begins to run, as discussed above.

New Morn argues in the alternative that the limitation period began only when it demanded reimbursement from B & B in October 2003 and B & B refused payment. New Morn relies on another construction contract case, *Feinour v. Ricker Co.*[10] There, this Court held that the limitation period for a builder's breach of express warranty did not start until the builder either refused to repair the construction defects or until his attempted repairs were unsuccessful.[11] Unlike *Feinour*, however, the case at bar does not involve an express warranty. We note that the six-year statute of limitation, starting at the date of "substantial completion," was applied in *Feinour* so as to bar plaintiff's claims for breach of the construction contract and breach of implied warranty.[12]

---

[7] Id. at 750 (2); see also *Carswell,* supra at 158 (agreement between hospital and doctor was divisible where contract involved doctor's obligation to pay hospital indefinite total amounts rather than single sum certain; therefore, hospital's claims time-barred where accrued more than six years before suit filed); *Burnham v. Cooney,* 265 Ga. App. 246, 248 (2) (593 SE2d 701) (2004) (where attorney was entitled to payment of fees accrued during progress of litigation, rather than only at end of litigation, fees earned more than six years before filing of suit were time-barred).

[8] The trial court correctly notes in its order that in this case the outcome is not affected whether the statute is deemed to run from the date New Morn received the invoice or from the date New Morn paid the invoice.

[9] See, e.g., *Smith v. KLS Constr. Co.,* 247 Ga. App. 493, 494 (1) (544 SE2d 197) (2001) (limitation period on construction contract begins at substantial completion of work).

[10] 255 Ga. App. 651 (566 SE2d 396) (2002).

[11] Id. at 654 (1).

[12] Id. at 653 (1).

We conclude that the trial court did not err in granting partial summary judgment to B & B as to those payments made by New Morn more than six years before the date of filing of this action.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JUNE 20, 2007.

*Cheri D. McLeod*, for appellant.
*Forrester & Brim, James E. Brim III*, for appellee.