**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

June 22, 2012

# In the Court of Appeals of Georgia

A12A0788. HOOKER v. ROBERSON et al.

MCFADDEN, Judge.

Corey Hooker obtained a default judgment against Korey Roberson, Big Oomp Records, Inc., and Top Quality Productions, Inc., in his action for breach of contract, quantum meruit and fraud. After a bench trial on damages, however, the trial court entered an order of final judgment in the defendants' favor in which it held, inter alia, that Hooker had presented no evidence demonstrating the defendants' liability on any of his asserted causes of action. The court denied Hooker's motion for new trial, and he appeals. We find that the trial court erred in concluding that Hooker had not demonstrated the defendants' liability in light of the earlier default judgment entered against them. We further find that the court erred in failing to consider, in its role as factfinder, whether Hooker was entitled to nominal damages for the breach of

contract. Accordingly, we reverse and remand for further proceedings not inconsistent with this opinion.

1. Hooker argues that the trial court improperly admitted evidence on the issue of the defendants' liability, notwithstanding that, because of the default judgment, their liability was no longer at issue. The defendants respond that the evidence was relevant to the issue of damages. From the trial court's order, however, it is clear that the court considered whether Hooker had proved liability and held that he had not. This holding constituted error, because, through their default, the defendants admitted each and every well-pled material factual allegation of Hooker's complaint, except as to the amount of damages alleged. *Cohran v. Carlin*, 254 Ga. 580, 585 (3) (331 SE2d 523) (1985); *Northpoint Group Holdings v. Morris*, 300 Ga. App. 491, 495 (2) (685 SE2d 436) (2009); *Grand v. Hope*, 274 Ga. App. 626, 629-630 (1) (617 SE2d 593) (2005). See also *Flanders v. Hill Aircraft & Leasing Corp.*, 137 Ga. App. 286, 289 (223 SE2d 482) (1976) (holding it was error for trial court to allow defendant to dispute that which it had admitted through default, or, given the defendant's default, to require plaintiff to prove by a preponderance of the evidence elements of its claims against the defendant, other than damages). Hooker was not required at the bench trial

to present any evidence that the contract was breached, but only was required to establish the amount of his damages. OCGA § 9-11-55 (a).

2. Hooker argues that the trial court erred in awarding him no damages. The record supports the court's finding that Hooker presented no evidence of actual damages in connection with any of his claims. Hooker contends, however, that he was entitled to nominal damages under OCGA § 13-6-6. That Code section provides: "In every case of breach of contract the injured party has a right to damages, but if there has been no actual damage, the injured party may recover nominal damages sufficient to cover the costs of bringing the action." See *King v. Brock*, 282 Ga. 56, 57 (646 SE2d 206) (2007) ("Nominal damages come into play when an injured party establishes a breach of contract, but is unable to prove actual damages."); see also *Flanders*, 137 Ga. App. at 289 (concerning nominal damages in contract case where plaintiff received default judgment).

The record shows that, during the bench trial, Hooker requested nominal damages for breach of contract. See *Bishop v. Intl. Paper Co.*, 174 Ga. App. 863, 864 (1) (332 SE2d 12) (1985). It appears, however, that the court did not consider the question of Hooker's entitlement to nominal damages, having instead erroneously found that Hooker had not proved the existence of a breach. Citing *Corrosion*

3

*Control, Inc. v. William Armstrong Smith Co.*, 157 Ga. App. 291 (277 SE2d 287) (1981), the defendants contend that this error does not require reversal because the failure to award nominal damages was attributable to the verdict of the trial court, as finder of fact. See id. at 293. In *Corrosion Control*, however, the trial court, as finder of fact, had determined that the defendant *was* liable for breach of contract but had found that the plaintiff, nevertheless, was not entitled to damages. Id. at 292. Here, in contrast, the trial court found that Hooker had *not* demonstrated a breach of contract. Thus, unlike in *Corrosion Control*, we cannot say that the trial court's judgment in favor of the defendants represents its verdict, as the trier of fact, that Hooker should not be awarded nominal damages even though the default judgment established that the defendants had breached their contract with him. Under the circumstances of this case, we reverse the trial court's judgment in favor of the defendants, see *Fleming*, 137 Ga. App. at 289, and remand the case for the court to consider whether the evidence authorized nominal damages or for other proceedings not inconsistent with this opinion.

*Judgment reversed and case remanded with direction. Barnes, P. J., and Adams, J., concur.*