**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 25, 2023**

# In the Court of Appeals of Georgia

A23A0734. LOWE v. WALLACE et al.

RICKMAN, Judge.

Ellen Lowe obtained a default judgment against Doug Wallace and Doug Wallace & Associates, in her action for negligent construction, breach of contract, and default under a personal loan agreement. Following a bench trial on damages, Lowe appeals and contends, inter alia, that the trial court erred by considering issues related to liability at the trial on damages. For the following reasons, we reverse and remand for further proceedings consistent with this opinion.

The record shows that Lowe entered into a contract with Wallace to renovate her home. Wallace hired several subcontractors to perform the work and alleged that one of the subcontractors negligently framed a bathroom causing it to be too small for all required fixtures, including the toilet. There were many other areas of the home

the she alleged were negligently built including baseboards in the master bedroom, a shower ceiling, and an electrical outlet, as well as cabinet trim that was not properly attached. Lowe sent a demand under the Georgia Right to Repair Act to Wallace and he never responded.

Lowe also entered into a personal loan agreement with Wallace and loaned him $12,000. The agreement required Wallace to pay the personal loan back within four to six months. Wallace sent a check to Lowe as partial payment on the loan, but it was returned for insufficient funds. Eventually, Wallace sent Lowe a check for $8000 and stated that he withheld the remaining $4000 for unpaid work.

Lowe filed suit for negligent construction, breach of contract, and default under the personal loan agreement seeking damages and attorney fees. Wallace failed to respond to Lowe's suit and the trial court ultimately granted Lowe's motion for default judgment and ordered the parties to appear for a bench trial on damages.

At the bench trial, Lowe presented testimony from a project manager/estimator employed by another construction company who provided an estimate for the scope of repairs to bring Lowe's house up to code. The project manager estimated that the cost to repair Lowe's home was $126,026.67. Wallace neither testified, nor presented any expert testimony.

Following the bench trial, the trial court stated that,

> [i]n reviewing the evidence in this matter and reaching its result, the [c]ourt weighed the testimony of both [Wallace] and [Lowe's] expert testimony very carefully.[1] In short, the [c]ourt was persuaded that [Wallace] did a reasonable job in the construction process and was not persuaded by [Lowe's] experts. While some matters needed to be resolved with the project, the overall project was satisfactory.

The trial court concluded that Lowe was entitled to $10,000 in damages due to Wallace's negligent construction and breach of contract. The trial court also found that Lowe was entitled to $4000 in damages due to Wallace's default on the personal loan agreement.

Lowe contends that the trial court erred by considering issues related to liability at the trial on damages. We agree.

It is clear from the trial court's order that it considered whether Lowe had proved liability before awarding damages. Wallace was in default and thus, each and every well pled material factual allegation of Lowe's complaint was admitted, except as to the amount of damages alleged. See *Hooker v. Roberson*, 316 Ga. App. 345, 346

---

[1] As mentioned above, Wallace did not testify and he also did not have an expert who testified so this statement by the trial court is erroneous.

(729 SE2d 484) (2012) The sole issue for the trial court to determine was the amount of Lowe's damages and the trial court erred by considering the quality of the construction job prior to awarding damages. Accordingly, we reverse the judgment and remand the case for the trial court to consider the issue of damages without considering any issues of liability. See *Hooker*, 316 Ga. App. at 346; *Flanders v. Hill Aircraft & Leasing Corp.*, 137 Ga. App. 286, 289 (223 SE2d 482) (1976).

*Judgment reversed and case remanded. Miller P. J., and Hodges, J., concur*.

4