## 29219.  EVERITT *v.* HARRIS.

DECIDED MARCH 20, 1942.

*Frank S. Twitty,* for plaintiff.  *Robert Culpepper Jr.,* for defendant.

STEPHENS, P. J.  Mrs. E. E. Everitt, trading as Royal Finance Company, of which she alleges she is the sole owner, instituted suit against J. J. Harris to recover an alleged balance of $425.35, together with interest and 10 per cent. attorney's fees, on a note alleged to have been executed by the defendant on February 29, 1936, to the order of National Industries Inc., and due November 24 after date, of which note, it appears from the allegations of the petition, the plaintiff was a holder in due course.  She alleged that on March 2, 1936, she acquired title to the note for value, and it became her property by indorsement of the note to her by the payee, and that she has been and is now the holder of the note.

The defendant in his answer as amended admitted the execution of the note and that the plaintiff was in possession thereof, but alleged that the note was executed to the payee in payment of part of the purchase price of a Wyland automatic grading and candling machine which the defendant had purchased from the payee under a contract which guaranteed the machine against defective workmanship, and warranted it to be a new machine; that the consideration of the note had failed and the warranty was breached in that the machine was not new but was defective, and would not perform the purposes intended, the details of which it is unnecessary to narrate; that upon assurances by the payee that the machine would give satisfaction the defendant agreed to give it a further trial, but that the machine failed to give satisfaction or to perform the purposes intended; that the plaintiff before coming into possession of the note from the payee had notice of the alleged defects in the property purchased and of the failure of the consideration as alleged; that the note has never been legally transferred to the plaintiff, but that the "transfer of note sued on was negotiated in fraud and collusion against defendant and in an effort to avoid the defense of failure of consideration; the transferor and transferee are both owned and controlled by S. F. Everitt, or were

at the time of transfer of said note; that the Royal Finance Company was only a straw company set up by said S. F. Everitt as part of a scheme to defeat defendant's plea of a failure of consideration and to prevent purchasers from National Industries Inc., from setting up any defense against purchase-money matters or notes, by transferring same to said straw company, both of said companies being controlled by said S. F. Everitt." It was also alleged that notice of the alleged defects in the machine were given to the payee of the note, who was the seller, by a series of letters, and that the giving of such notice to the payee of the note was notice to the plaintiff. The defendant in his plea as amended stated that he assumed the burden of proof and asked the right to open and conclude the argument before the jury.

On the trial there was introduced the testimony of the defendant as to the alleged defects in the machine, and various communications by him to the payee of the note, the seller, National Industries Inc. There was no evidence whatsoever of any notice of such defects given to the plaintiff, or that the plaintiff had any notice of such defects until after the date on which the plaintiff claimed she purchased and acquired possession of the note, which was before the note's maturity. Mrs. Everitt testified positively and directly that she was the sole owner of Royal Finance Company, and held and owned the note sued on; that she acquired it from the payee in consideration of money advanced by her to the payee on March 24, 1936, which was before the maturity of the note; that after she had acquired the note the defendant made several payments on it to the payee and also several payments to Royal Finance Company; that prior to August 10, 1936, when she received the last payment on the note from the defendant, she was not advised by the defendant or any one else that the defendant claimed the machinery or equipment for which the note was given was defective; that she was first advised as to any claim by Mr. Harris that the machinery was defective by her attorney during the summer of 1938.

Mr. Sibley Everitt testified that he was a director and secretary of National Industries Inc., a corporation existing under the laws of Iowa; that he held this position during the year 1936; that Mr. W. N. Jenkins was president of this company but that he died in February 1938 in Chicago; that National Industries Inc. sold the grading machine to Mr. Harris who gave his note therefor dated

February 29, 1936; that the note was sold to Royal Finance Company, and that the owner of Royal Finance Company is Mrs. E. E. Everitt; that Royal Finance Company paid value for the note to National Industries Inc. He identified several letters from Mr. Harris as having been received by National Industries Inc. There was introduced much documentary evidence consisting of letters from Mr. Harris to National Industries Inc., and from that corporation to Mr. Harris.

There appeared in evidence a letter of July 10, 1936, to the defendant from W. N. Jenkins, who, as had been testified to by Mr. Sibley Everitt, was president of National Industries Inc. This letter was written on the letterhead of National Industries Inc., and stated among other things as follows: "I saw a copy of your [Mr. Harris's] letter of June 26 to the Royal Finance Company in reference to your note. Mr. Everitt [evidently referring to Mr. Sibley Everitt who had testified that he was director and secretary of National Industries Inc.] the main squeeze here and head of the finance company [evidently meaning the Royal Finance Company, the plaintiff] recently sold all his other lines of business except his interest in this one and retired. He has gone to Bermuda for a six or eight months' vacation, and the finance company paper was all turned over to the Banker's Trust Company here for collection." There also appeared in evidence another letter dated August 12, 1938, to the defendant from Edward C. Kesler, an attorney of Chicago, Illinois, in which acknowledgment was made of the copy of a letter of August 8 from J. J. Harris to Frank S. Twitty, in which letter from Kesler to Harris, Harris was informed that suit would be filed on the note for the Royal Finance Company unless adjustment was made. This letter contained a further statement as follows: "In the meantime, upon checking further into this matter we find that your note was discounted by Royal Finance Company which is owned by Mr. S. F. Everitt, and that you were advised of this fact and made several payments thereafter."

The jury found for the defendant, and the plaintiff moved for a new trial on the general grounds, and on special grounds in which exception is taken to the charge and to failure to charge, and to the admission in evidence of certain letters. The court overruled the motion and the plaintiff excepted.

From the copy of the note as it appears in the brief of evidence

the following written indorsement is thereon: "To Royal Finance Company from National Industries Inc. by S. F. Everitt." This necessarily must be construed as constituting an indorsement in writing by the payee, National Industries Inc. to Royal Finance Company. It must therefore be taken without dispute that the note was indorsed by the payee to Royal Finance Company, which is the plaintiff and the trade-name of Mrs. E. E. Everitt. Where a note appears indorsed in writing and is in possession of the transferee prima facie the transferee is a holder in due course. It appears therefore prima facie that the plaintiff was a holder in due course, and without more it is inferable that the indorsement was made on the note when the plaintiff acquired possession of it and paid value therefor on March 24, 1936, as testified to by her. No insistence was made by counsel for the defendant that the note was never indorsed in writing. The only defense insisted on was that the plaintiff and the payee are the same, and that the secretary and treasurer of the payee corporation was the owner of Royal Finance Company, and that for this reason the plaintiff's title to the note was fraudulent, and that the plaintiff did not take the note without notice of the defenses. The evidence therefore was sufficient to authorize the jury to find that the plaintiff was a holder of the note in due course, and that when the plaintiff acquired the note she had no notice of any defenses which the defendant may have had against the payee of the note. There was no evidence tending to show that the plaintiff acquired the note with notice of any defenses against the payee, unless it was established that Royal Finance Company was owned by National Industries Inc. and was in fact the payee. The only evidence tending to establish this fact consisted of the statements quoted above in the letters from W. N. Jenkins and Edward C. Kesler to the defendant, which the defendant relied on as showing that the plaintiff's alleged title was fraudulent, acquired in fraud of the defendant and to defeat the defendant's rights, and that the plaintiff, Royal Finance Company, and the payee of the note, National Industries Inc., were one and the same. One of these statements was that in the letter of W. N. Jenkins that Mr. Everitt, who it appears from the testimony was director and secretary of National Industries Inc., was also "head" of Royal Finance Company, the plaintiff; the other was the statement in the letter from Kesler to Harris that the Royal Finance Company was owned

68

by Mr. S. F. Everitt. Unless these statements emanating from Jenkins and Kesler can be connected up with the plaintiff, as being in the nature of admissions made by the plaintiff, through either Jenkins or Kesler as agents, or attorney for the plaintiff, they have no probative value, and would be insufficient to authorize the jury to find in favor of the plea that the plaintiff was not a holder in due course. It appears nowhere that Jenkins was in any wise an agent or attorney for the plaintiff.

It does not appear directly that Kesler was at any time an attorney or agent for the plaintiff. In the letter of Edward C. Kesler attorney of Chicago, to Harris, Kesler acknowledges that he has received a copy of a letter of August 8, from Harris to Frank S. Twitty. It appears from the record that Frank S. Twitty is the attorney for the plaintiff who instituted the present suit and who represented the plaintiff in the trial of the case. In this letter Kesler also informs Harris that a suit will be filed on the note for the Royal Finance Company unless adjustment is made. This letter was dated August 12, 1938. Immediately thereafter the suit on the note was filed by Royal Finance Company against J. J. Harris, sometime in August 1938, and prior to the 15th day thereof, and made returnable to the September term of the court. While these statements were hearsay in that they were made by Kesler not under oath, they nevertheless evinced conduct and actions on the part of Kesler consisting in the statement by him that he had received a letter from the defendant to the attorney who afterwards brought the suit for the plaintiff, and that he (Kesler) states that the plaintiff will sue on this note unless adjustment is made. "It has been laid down as a general rule that where the fact of the making of a statement, and not its truth or falsity, is a question in controversy the statement may be admitted as original evidence." 15 Am. & Eng. Enc. L. (2d ed.) 314. The conduct of Kesler in making the statement in the letter acknowledging the receipt of a copy of the letter of August 8 from Harris to Twitty, who was the attorney for the plaintiff, that suit on the note would be filed by the plaintiff against Harris unless adjustment was made, and not the truth of the statements themselves, was a circumstance which, when coupled with the fact as appears from the record that suit was immediately brought on this note by the plaintiff through Frank S. Twitty as her attorney, was sufficient to authorize an inference that

Kesler, at the time he wrote the letter of August 12, in which these statements were made, was the attorney for the plaintiff, and that the statement made by him in this letter that Royal Finance Company was owned by S. F. Everitt, was in the nature of admissions through him, as attorney or agent of the plaintiff, by the plaintiff, that Royal Finance Company at the time was owned by S. F. Everitt. It is fairly inferable from this letter in which it is stated that "your note was discounted by Royal Finance Company which is owned by S. F. Everitt" that S. F. Everitt was the owner of Royal Finance Company when the note was discounted. If Kesler at the time was attorney for the plaintiff, and this is inferable, this letter had probative value as an admission by the plaintiff, through Kesler as her attorney, that at the time of the discounting of the note S. F. Everitt, who was director and secretary of National Industries Inc., was the owner of the plaintiff company, and that therefore the plaintiff company, who was S. F. Everitt was not a purchaser in good faith and without notice from National Industries Inc. of the note in question. This letter was properly admitted in evidence over objection of the plaintiff that it was hearsay.

The letter to Harris from W. N. Jenkins, president of National Industries Inc., written July 10, 1936, on the letterhead of National Industries Inc., in which he stated that Everitt was the head of the finance company was a letter of the agent of National Industries Inc. only, and it does not appear that it in any way was an utterance of any agent or attorney for the plaintiff. This letter was improperly admitted in evidence over objection that it was hearsay. The statement therein that Mr. Everitt was head of the finance company was in direct contradiction of the testimony of Mrs. Everitt that she herself was the owner of Royal Finance Company, and of Mr. Everitt to the effect that Mrs. Everitt was the owner of Royal Finance Company. This statement was calculated to influence the jury into the belief that Mr. Everitt and not Mrs. Everitt, the plaintiff, was the owner of Royal Finance Company. Its admission was harmful to the plaintiff and was error demanding the grant of a new trial. *Harris* v. *Bank of Little Rock,* 107 *Ga.* 407 (33 S. E. 404) ; *Rabun* v. *Commercial Bank,* 21 *Ga. App.* 43 (93 S. E. 524).

The admission in evidence of carbon copies of a series of letters

from the defendant to National Industries Inc. and National Egg Equipment Corporation, the admission in evidence of which is excepted to in ground 2 of the amendment to the motion for new trial, was harmless to the plaintiff. They contained only statements by the defendant as to reasons why the machinery was defective, etc., and Harris in his own testimony had testified substantially to the same effect. Carbon copies of letters are not in themselves inadmissible. They may be admitted as established copies after the failure to produce the original has been accounted for. It does not appear from the assignment of error wherein these copies were inadmissible as being carbons. In the absence of it appearing to the contrary, presumably the proper foundation for the admission of carbon copies as secondary evidence was laid.

The charge to the jury referred to in ground 3 seems to have been an incomplete statement of the law. Be that as it may, it contains nothing which could have been harmful to the plaintiff. The failure to charge as assigned in ground 4 was not error. The court charged in substance the same matter which it is alleged it failed to charge. The transaction referred to in ground 6 which consists of remarks of defendant's counsel in the presence of the jury, to which exception was taken by the plaintiff in a motion for mistrial which was overruled, is not likely to occur on another trial. It is not necessary to pass on this ground of the motion.

Whether or not the evidence of the defendant was sufficient to authorize a finding that the consideration of the note had failed, it is not necessary now to pass on. On account of the error in admitting in evidence certain documentary evidence as above indicated the admission of which was prejudicial to the plaintiff, a new trial is demanded for the plaintiff. The court erred in overruling the motion for new trial. *Judgment reversed. Sutton, J., concurs.*

FELTON, J., concurring specially. Whether or not the holder acquired the note before maturity and was otherwise an innocent holder, the answer was to the effect that there was an express warranty that the machine was of good workmanship and material; that it was a new machine and reasonably suited for the purposes intended. There was no evidence as to what the express warranty was. The defendant testified: "I bought the machine on terms and conditions from the National Industries Inc. They were outlined to me by their agent. The machine did not prove up to

the claims and did not prove satisfactory and serviceable." The verdict was not authorized on the theory of breach of an implied warranty because the purchaser made one or more payments on the machine after he knew of its defective condition.