## 46995. SOLLEK v. LASETER.

EBERHARDT, Presiding Judge. This is a negligence action arising from a vehicular collision. On a previous appearance this court affirmed the grant of a separate trial to determine the effect of an agreement between the plaintiff and the defendant's insurer. *Sollek v. Laseter,* 124 Ga. App. 131 (183 SE2d 86). This issue was tried without a jury and the trial judge found for the defendant. The present appeal is from this judgment. The agreement reads as follows:

"Agreement and Release For and in consideration of the payment of the sum of one-hundred, twelve-------97/100 dollars, the receipt of which is hereby acknowledged, and of the promise of payment to the undersigned of benefits in accordance with the Schedule of Benefits set forth below, by the company accepting this agreement. "Schedule of benefits. (1) To pay all reasonable and necessary expenses incurred for medical, dental or surgical treatment, ambulance, hospital, professional nursing services and prosthetic devices, furnished to the named beneficiary

within 180 days of the date of this agreement, as a result of the accident described herein, provided that such expenses are not paid or payable by any collateral source and do not exceed $2,000; and (2) To pay $15.00 (payable monthly) for each day within 180 days of the date of this agreement that said beneficiary is continuously and necessarily disabled and confined indoors under the care of a licensed physician other than himself, due to the bodily injury incurred because of the accident described herein; provided that the total of said per diem payments shall not exceed $2,000; and, provided the total amount payable hereunder for this release, plus said expense payments, plus said per diem payments, shall not exceed the limit of liability for bodily injury to one person provided by the policy of insurance applicable to the release named herein, the undersigned hereby releases and forever discharges Luther T. Laseter & Mary Laseter, the Insurance Company accepting this agreement, and any and all other persons, firms or corporations liable or who might be claimed to be liable, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop because of bodily injuries sustained by Judith Harriet Sollek as a result of an accident which occurred on or about the 14 day of Aug., 1968, at or near Atlanta, Ga. It is also agreed and understood that this settlement is the compromise of a doubtful and disputed claim, that the payment is not to be construed as an admission of liability on the part of the persons, firms and corporations hereby released, by whom liability is expressly denied. This agreement and release contains the entire agreement between the parties hereto, and the terms of this instrument are contractual and not a mere recital. It is further agreed that all parties to this instrument have carefully read the contents thereof and the signatures below are the voluntary and free act of each."

Under the stipulations made at the trial it was agreed that only one major issue of law was involved, whether the document signed by the plaintiff is void as contrary to the insurance laws of the State of Georgia. The plaintiff dropped or waived her allegations of fraud, and it was further stipulated that the document had not been filed with the Insurance Commissioner as an insurance policy, that the insurer's agent who procured the plaintiff's signature on the document was not licensed as an insurance agent, and that the plaintiff endorsed the insurer's draft for $112.97. *Held:*

In our opinion the contentions of the plaintiff that the agreement is within the definition of insurance under § 56-102 of the Georgia Insurance Code, that it contains the essential elements specified under § 56-2413 (2), that it was issued by an unlicensed agent in violation of § 56-803b (2), that it violates the requirement for payment in legal tender under § 56-9901, that it violates the filing and approval requirements of § 56-2410, and that it is deceptively worded in violation of § 56-2411 are wholly without merit. Instead, it obviously comes within the exclusion of § 56-302 (2) which provides that "(2) The mere investigation and adjustment of any claim in this State arising under an insurance contract, and litigation in connection therewith, shall not be deemed to constitute the transacting of insurance in this State."

The consideration flowing to the plaintiff under the agreement includes, in addition to the amount paid, the promise to pay additional amounts in the event of certain contingencies, but it contains nothing uncertain which cannot be made certain. See, in this connection, *Dorsey v. Clements,* 202 Ga. 820, 824 (44 SE2d 783, 173 ALR 509); Edwards v. Passarelli Bros. Automotive Service, 8 Ohio St. 2d 6 (221 NE2d 708, 25 ALR3d 1087); Anno. 25 ALR3d 1089. It purports to be the settlement and compromise of a doubtful and disputed tort claim, which the law expressly allows, subject to exceptions not here applicable. See *Code* §§ 105-1901, 105-1902. A contract of

compromise is binding on the parties. *Code* § 20-1205. Compromises are favored in all enlightened systems of jurisprudence as tending to prevent litigation. *Fulford v. Fulford,* 225 Ga. 9, 16 (165 SE2d 848); *Hale v. Lipham,* 61 Ga. App. 191 (6 SE2d 115). The agreement here made is effective "as a settlement and release of all claims against the assured by such third-party claimant." *National Dairy Products Corp. v. Southeastern Adjusters,* 109 Ga. App. 838 (137 SE2d 554). Also, see *Holton Dodge, Inc. v. Baird,* 118 Ga. App. 316 (163 SE2d 346); *Phillips v. State Farm Mut. Auto. Ins. Co.,* 121 Ga. App. 342 (173 SE2d 723); *Townsend v. Lewis,* 122 Ga. App. 135 (176 SE2d 457); *Edwards v. Fincher,* 122 Ga. App. 176 (176 SE2d 505).

*Judgment affirmed. Deen and Clark, JJ., concur.*

ARGUED MARCH 9, 1972—DECIDED APRIL 6, 1972—
REHEARING DENIED APRIL 24, 1972.

*Carter, Ansley, Smith, McLendon & Quillian, James B. Gurley,* for appellant.

*Powell, Goldstein, Frazer & Murphy, C. B. Rogers, D. N. Love,* for appellee.