### 66721. RODGERS v. CUMBERLAND VOLKSWAGEN, INC. et al.

QUILLIAN, Presiding Judge.

Plaintiff-appellant Rodgers agreed to purchase a VW pickup truck from defendant-appellee Cumberland Volkswagen, Inc. (CVW). He traded in a Dodge van as part of the purchase price and told CVW employees that he wanted the balance of $6561.69 financed through C & S Bank (CSB). CVW's credit manager told Rodgers that it would be cheaper to finance the pickup through defendant-appellee First National Bank of Cobb County (FNB). Rodgers thereupon agreed to finance with FNB, concluded the transaction by signing an installment sales contract assignable to FNB and took delivery of the pickup. On the following day, Rodgers

stopped at a CSB branch and inquired of a loan officer how much his monthly payments on an auto loan of $6500 for 48 months would be with CSB. He received from the loan officer a slip of paper with some figures on it which led him to believe that the payments to CSB would be about $14 less per month than those he agreed to make to FNB. He thereupon attempted to get CVW to change the financing from FNB to CSB, which CVW refused to do without immediate payment of the full amount of FNB's loan. Rodgers did not have the funds or credit to do this. He then requested that the sale be rescinded and his trade-in van be returned but was informed that it had already been sold. He thereupon left the VW pickup and all papers pertaining to it with CVW and subsequently commenced this action against CVW and FNB alleging CVW's credit manager fraudulently misrepresented that FNB's financing would be cheaper than CSB's. The case went to trial before a jury and, after Rodgers rested his case, the trial court directed a verdict for appellees, from which this appeal is taken. *Held:*

"To recover in tort for fraud the plaintiff must prove five essential elements: (1) That the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made. [Cit.]" *Martin Burks Chevrolet v. McMichen,* 136 Ga. App. 845, 847 (222 SE2d 633).

Did appellant prove that the representation was false and that appellees through their agent knew it was false?

The evidence shows that appellant had not checked CSB's rates before purchasing the car and did not know what they were on the day of the sale. He had a checking and savings account with CSB and had information from CSB that a discount would be given on loans to those who banked with them. Appellant told CVW's credit manager he wanted to finance through CSB. The credit manager said he could do that but stated that financing with FNB would be cheaper. Without making any effort to see if the representation was true, appellant relied on the representation. There is no evidence that at the time CVW's credit manager knew his representation was false. On the day following the sale when appellant checked with a CSB loan officer about the cost of a CSB loan of $6500 for 48 months, he was given a slip of paper with the following written on it: "48 × 186.75 APR 12.93 with cr life & disab; 48 × 174.61 w/out cr life & di." From this information appellant deduced that CSB's payments would be about $14 less per month than his payments to FNB, which without insurance were $189.21. The CSB loan officer to whom appellant had spoken testified. She did not recognize appellant or recall speaking to

him. She did recognize her handwriting on the slip of paper but did not recall writing it and did not know what it meant. The figures "6500" and "C & S" on the slip were not written by her, and she did not know what CSB's auto loan rates were on the day appellant said he spoke to her. This was all the evidence pertaining to the falsity of the representation.

We find that there was no competent evidence of what CSB's loan rates were. First, there was no evidence whatsoever as to CSB's rates at the time the representation was made. Second, pretermitting whether the notes on the slip of paper made by the CSB loan officer the day after the representation established what CSB's rates were then or that such rates were relevant to CSB's rates the day before, the slip of paper had no probative value as it was hearsay.

"Hearsay evidence is that which does not derive its value from the credit of the witness but rests mainly on the veracity and competency of other persons." OCGA § 24-3-1 (formerly Code Ann. § 38-301).

Appellant's testimony of what he thought the figures on the slip of paper meant was hearsay, as he did not create the writing. The person who did make the writing did not recall doing so and did not know what it meant.

"Appellants contend that there was before the trial court . . . evidence, in the form of letters sent to appellee by (appellant corporation), that weather conditions were (of a certain condition). The trial court, however, properly declined to consider the contents of the letters as evidence of the weather conditions. As to that issue, the letters were merely hearsay (as they depended upon the credibility of the writer of the letters). *Newport Timber Corp. v. Floyd,* 247 Ga. 535, 541 (277 SE2d 646) (footnote omitted). See, *Page v. State,* 237 Ga. 20 (3) (227 SE2d 8); *Everitt v. Harris,* 67 Ga. App. 64, 69 (19 SE2d 545).

In the instant case, as there was no competent evidence to show what CSB's auto loan rates were on the day of the alleged representation, or any other time, appellant failed to prove that the representation was false. Accordingly, the trial court did not err in directing a verdict for appellees.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 8, 1983.

*G. Fred Bostick,* for appellant.

*Thomas D. Harper, Russell L. Adkins, Jr., Scott M. Hobby,* for appellees.