## 68689. PARSELLS v. ORKIN EXTERMINATING COMPANY, INC.
### (322 SE2d 91)

DEEN, Presiding Judge.

On October 16, 1980, the appellant, Lloyd Parsells, purchased a house from Alto Floyd and Mattie Lou Floyd. In May 1978 Alto Floyd had contracted with the appellee, Orkin Exterminating Company, Inc. (Orkin), for treatment of the house against termites; additionally, Floyd purchased Orkin's annually renewable, transferable "$100,000 Guarantee." This contract essentially guaranteed repair of structural or content damage to the house caused by termites. After purchasing the house, Parsells continued to renew this guarantee, which was reissued in Parsells' name.

In May 1981 Parsells discovered some alleged termite infestation and reported this to Orkin. During the next year and a half, three Orkin employees investigated Parsells' claim; two of these, according

to Parsells, indicated that there was termite-caused structural damage. However, in December 1982 Michael Burgess, a branch manager for Orkin, denied Parsells' claim on the basis that the damage to the house was caused by moisture and not termites. Orkin has never repaired the appellant's house.

Parsells commenced this action on February 23, 1983, seeking damages for the necessary structural repair to the house, under a breach of contract theory, and "punitive damages" for alleged stubborn litigiousness. He subsequently amended his complaint to allege fraud and to demand an additional $250,000 in punitive damages. Orkin moved for partial summary judgment as to the issues of fraud and punitive damages. On the eve of the hearing on this motion, Parsells filed an affidavit of Michael Burgess, who admitted that although he had realized the damage to the appellant's house to be termite-related, he had misrepresented to Parsells that it was caused by moisture. (Although Parsells did not have time to amend his complaint to plead this December 1982 incident as fraud, the transcript reveals that the trial court did consider this theory.) Concluding that the appellant's case sounded in contract rather than tort, the trial court granted partial summary judgment for Orkin, and Parsells appeals. *Held*:

On appeal, Parsells does not assert a cause of action for fraud in the inception of the contract, since any representations Orkin made then had been addressed to the previous owner of the house. However, he contends that the trial court erred in concluding that he had stated no cause of action in fraud relative to the alleged misrepresentation by Orkin's branch manager in December 1982 as to the cause of the damage to Parsells' house.

The appellant certainly stated a primary cause of action for a breach of contract, and there was evidence of bad faith (i.e., the Burgess affidavit) before the trial court that would perhaps authorize recovery for attorney's fees under OCGA § 13-6-11, if the appellant had specially pleaded and made prayer therefor. See *Brooks v. Steele*, 139 Ga. App. 496 (229 SE2d 3) (1976). Nevertheless, we must conclude that the trial court properly granted summary judgment for Orkin on the fraud theory and prayer for punitive damages.

The five elements of fraud and deceit in Georgia include: (1) a false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting in reliance by the plaintiff; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff. *A-larms v. Alarms Device Mfg. Co.*, 165 Ga. App. 382 (300 SE2d 311) (1983); *U-Haul Co. of Western Ga. v. Dillard Paper Co.*, 169 Ga. App. 280 (312 SE2d 618) (1983). To prevail against Orkin's motion for summary judgment, the record must disclose a genuine issue of fact as to each of the above elements.

Assuming, arguendo, that the alleged misrepresentation by Burgess in December 1982 about the cause of the damage to the appellant's house could serve as the basis of an independent cause of action in fraud, rather than merely being evidence of an intentional breach of the guarantee, there was absolutely no evidence of at least the element of reliance by the appellant. Rather, Burgess' alleged attempt to deceive the appellant in December 1982 obviously failed; the appellant apparently did not accept the proffered explanation and shortly thereafter commenced this action. "So long as 'one essential element under any theory of recovery is lacking . . . the defendant is entitled to summary judgment as a matter of law irrespective of any issues of fact with regard to other essential elements.' *Waldrep v. Goodwin*, 230 Ga. 1, 2 (195 SE2d 432) (1973)." *A-larms v. Alarms Device Mfg. Co.*, supra at 385.

Generally, punitive damages are not recoverable for breach of contract, even though the breach may be in bad faith. OCGA § 13-6-10; *Nestlé Co. v. J. H. Ewing & Sons*, 153 Ga. App. 328 (265 SE2d 61) (1980). In certain rare situations, where the breach of contract entails an act of fraud, punitive damages may be imposed, *Clark v. Aenchbacher*, 143 Ga. App. 282 (238 SE2d 442) (1977); *Rosenberg v. Mossman*, 140 Ga. App. 694 (4) (231 SE2d 417) (1976); but, as discussed above, since the appellant failed to demonstrate a cause of action in fraud, punitive damages are unavailable in the instant use.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

Decided September 10, 1984.

*Patrick J. Araguel, Jr., Robert L. Wadkins, J. Clinton Smith, Jr.*, for appellant.
*Richard P. Decker, Robert A. Moss*, for appellee.