69962. BISHOP v. INTERNATIONAL PAPER COMPANY et al.
(332 SE2d 12)

CARLEY, Judge.

The litigation between appellant-plaintiff and appellee-defendants has already given rise to one appeal. In *Bishop v. Intl. Paper Co.*, 173 Ga. App. 34 (325 SE2d 870) (1984), we affirmed the grant of summary judgment in favor of appellees on the multi-count complaint that appellant had filed against them. The Supreme Court denied appellant's petition for certiorari *and* imposed sanctions against him for a frivolous appeal. *Bishop v. Intl. Paper Co.*, 253 Ga. 739 (327 SE2d 226) (1985).

The instant appeal concerns the counterclaims that appellees had filed against appellant. Those counterclaims alleged that appellant had breached a contract with appellees. The contract was the settlement and release agreement discussed in *Bishop v. Intl. Paper Co.*, supra. Appellant's alleged breach of that agreement was his reinstitution of litigation against appellees after settling with and releasing them. Appellees moved for summary judgment on their counterclaims, solely as to the issue of liability. Appellant also moved for summary judgment on the ground that appellees had suffered no damage. The trial court granted appellees' motion and denied that of appellant. The instant appeal results.

1. " 'The law favors a settlement of differences and a compromise of disputed claims between parties' ([cits.]). . . ." *King v. Lewis*, 188 Ga. 594, 599 (4 SE2d 464) (1939). "A contract of compromise is binding on the parties. [Cit.] Compromises are favored in all enlightened systems of jurisprudence as tending to prevent litigation. [Cits.]" *Sol-*

*lek v. Laseter*, 126 Ga. App. 137, 139-140 (190 SE2d 148) (1972). "It is well settled by decisions of our appellate courts that compromise agreements are enforceable. [Cit.]" *Hughes v. Jackson*, 109 Ga. App. 804, 805 (1) (137 SE2d 487) (1964). "[W]e know of no rule of law which places it in the power of either party to a compromise, to disregard it, if it was full and final between the parties, as to the subject-matter of controversy." *Parker v. Riley*, 21 Ga. 427, 430 (1857).

The terms of the compromise and settlement agreement between the parties to the case at bar are set forth in the opinion in the previous appeal and will not be quoted again here. It is clear that that agreement was "full and final" as to the entirety of the controversy which existed between the parties. As such, it was binding and enforceable by and against the respective parties to it. By reinstituting suit against appellees based upon that previously settled controversy, appellant breached the agreement, the clear intent of which was "to prevent [further] litigation" as to that controversy. *Sollek v. Laseter*, supra at 140. "It is undisputed that [appellees] fully performed [their] responsibility under the [settlement] agreement. . . . It is also undisputed that [appellant] failed to perform [his] duty by refusing to [honor that agreement]. . . . Therefore, a [judgment] was demanded for [appellees] as to liability. . . ." *Corrosion Control v. William Armstrong Smith Co.*, 148 Ga. App. 75, 76 (251 SE2d 49) (1978).

Appellant asserts, however, that pretermitting his liability to appellees for breach of the agreement, no genuine issue of material fact remained as to whether appellees had suffered recoverable damages as the result.

As noted, appellees moved for summary judgment only as to liability, reserving the issue of damages. Nominal damages are authorized but not demanded for breach of a settlement agreement. See *Corrosion Control v. William Armstrong Smith Co.*, 157 Ga. App. 291 (277 SE2d 287) (1981). "[A] plaintiff's right to recover nominal damages depends *only* upon whether the defendant's 'liability [has] been established. . . .' [Cit.]" (Emphasis in original.) *Ackley v. Strickland*, 173 Ga. App. 784, 786 (328 SE2d 549) (1985). " '[U]nder the Civil Practice Act it is not necessary to pray specifically for general or nominal damages in order to present a question for the jury as to nominal damages.' [Cit.] All that is now 'necessary [is] that the plaintiff raise the issue *during the trial* so that it may be presented to the jury.' [Cit.]" (Emphasis in original.) *Ackley v. Strickland*, supra at 785. Liability having been established and the issue of damages having been reserved, the possible recovery by appellees of at least nominal damages was sufficient to preclude the grant of summary judgment in favor of appellant. Cf. *Avery v. K. I., Ltd.*, 158 Ga. App. 640 (281 SE2d 366) (1981).

The trial court did not err in granting appellees' motion for sum-

mary judgment as to the issue of liability and in denying appellant's motion as to the issue of damages. Genuine issues of material fact remain with regard to the nature and amount of damages to which appellees are entitled as the result of appellant's breach of the agreement.

2. Appellees' motion for the imposition of a penalty pursuant to Rule 26 (b) of this court is denied.

*Judgments affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MAY 8, 1985 —
REHEARING DENIED MAY 28, 1985 —

Winford Kent Bishop, *pro se.*
*Thomas B. Metzloff, Jeffrey M. Smith*, for appellees.