### 71775. PARSELLS v. ORKIN EXTERMINATING COMPANY, INC.
(342 SE2d 13)

SOGNIER, Judge.

Lloyd Parsells brought this action against Orkin Exterminating Company, Inc. (Orkin) seeking damages under theories of fraud and breach of contract. We affirmed the trial court's grant of summary judgment in favor of Orkin on Parsells' fraud claim, *Parsells v. Orkin*

*Exterminating Co.*, 172 Ga. App. 74 (322 SE2d 91) (1984), and the case proceeded to trial on the breach of contract claim. Parsells now appeals from the trial court's grant of Orkin's motion for directed verdict.

After purchasing a house in 1980, appellant continued to renew the transferable "Lifetime Termite Damage Guarantee" that had been issued by appellee to the previous owner under a 1978 contract for treatment of the house against termites. The guarantee, subsequently reissued in appellant's name, essentially obligated appellee to repair structural or content damage to the house caused by termites after initial treatment of the house by appellee. (See *Parsells v. Orkin Exterminating Co.*, supra, for a more detailed discussion of the facts of this case.) Approximately seven months after he purchased the house, appellant discovered damage allegedly caused by termites and subsequently made a claim against appellee for the allegedly termite-caused structural damage. Appellant instituted this action following appellee's denial of his claim.

Appellant contends the trial court erred by granting appellee's motion for directed verdict because there was sufficient evidence from which a jury could determine that appellee breached the contract by initially failing to treat the house, resulting in the structural damage. OCGA § 9-11-50 (a) provides, in pertinent part, that a motion for directed verdict shall be granted: "[i]f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." It is undisputed that the "Lifetime Termite Damage Guarantee" obligated appellee to repair the damage to appellant's house only if the damage was "new damage," and the "new damage was caused by Subterranean Termites *after the date of initial treatment,* and that at the time of discovery of the new damage, the damaged areas are infested with live Subterranean termites." (Emphasis supplied.) There is no evidence in the record from which the jury could determine whether the damage was caused by termite infestation before or after the date of the contract. We find no merit to appellant's argument that because there was evidence that appellee failed to initially treat the house as required under the contract, the burden of proving when the damage occurred shifted to appellee. See generally OCGA § 24-4-1; *Carver v. Jones*, 166 Ga. App. 197, 198 (1) (303 SE2d 529) (1983). Therefore, because the record is devoid of any evidence on an essential element of proof of appellant's claim, the trial court did not err by granting appellee's motion for directed verdict. See generally OCGA § 9-11-50 (a). In light of our holding, we need not address appellant's remaining enumeration of error.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 25, 1986.

*Robert L. Wadkins*, for appellant.
*Richard P. Decker, Deborah L. Taylor*, for appellee.