## 73051. HALL v. ROME AUTOMOBILE COMPANY, INC.
(353 SE2d 542)

SOGNIER, Judge.

Ernest Hall appeals from the trial court's direction of a verdict in favor of defendant Rome Automobile Company, Inc.

Appellant purchased from appellee in June 1984 "as is" a used

1973 Datsun 240-Z automobile with an Alabama license plate. The purchase price included a deduction for the estimated cost of repair to the front end of the vehicle. Subsequently, appellant discovered the damage to the Datsun was more extensive than he had realized. Appellant returned the vehicle to appellee and sought a rescission of the contract. Appellee refused and appellant instituted this suit.

1. Appellant contends the trial court erred by granting a directed verdict to appellee on his claim of fraud. " 'To recover in tort for fraud the plaintiff must prove five essential elements: (1) That the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made. [Cit.]' [Cit.]" *Rodgers v. Cumberland Volkswagen*, 167 Ga. App. 826, 827 (307 SE2d 721) (1983). In his complaint, appellant alleged four representations which he contended were falsely made by appellee through its salesman. However, at trial appellant admitted on cross-examination that at the time of the sale, as far as appellant knew, appellee's salesman told appellant what the salesman understood the truth to be. No evidence was presented which indicated that appellee or its salesman knew at the time the representations were made that any of the representations were false and, in fact, appellant conceded at trial that several of the representations alleged in the complaint were absolutely true.

Where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed. OCGA § 9-11-50 (a). See *Ehlers v. Schwall & Heuett*, 177 Ga. App. 548, 551 (340 SE2d 207) (1986). Here, there is no conflict in the evidence that appellee did not know at the time the representations were made that any of them were false. Thus, the verdict on the issue of fraud was demanded for the movant, appellee, and the trial court correctly directed the verdict in appellee's favor. See *Parsells v. Orkin Exterminating Co.*, 178 Ga. App. 51, 52 (342 SE2d 13) (1986).

2. Appellant contends errors in the trial court's rulings on the admissibility of certain enumerated testimony and evidence.

(a) We find no error in the trial court's refusal to admit appellant's testimony regarding what an unidentified person, allegedly in appellee's employ, told appellant in regard to the condition of used cars kept on the back part of appellee's lot. This evidence was hearsay and since it did not fall within any exception to the hearsay rule, the trial court properly excluded it. See *Wilson v. Mars, Inc.*, 121 Ga. App. 790, 791 (1) (175 SE2d 924) (1970); see generally *A Child's World, Inc. v. Lane*, 171 Ga. App. 438, 441 (319 SE2d 898) (1984).

(b) The record reveals that appellant's attorney conceded the appropriateness of the trial court's ruling denying the admission of the testimony which is the subject of appellant's fifth enumeration. In the absence of objection there is no error for this court to review. See generally *Arnold v. DeKalb County Hosp. Auth.*, 148 Ga. App. 361 (2) (251 SE2d 382) (1978).

(c) Appellant contends error in the exclusion of several answers made by appellee to appellant's requests for admission in which appellee acknowledged, inter alia, that the Datsun was a salvage vehicle but that appellee had no knowledge of this and other facts at the time it sold the Datsun to appellant. Evidence that appellee did *not* know its representations were false when made does not logically tend to prove appellee *did* know about the falsity of its representations, one of the essential elements to appellant's case, see *Rodgers*, supra, and thus we find no abuse of the trial court's discretion in excluding this evidence on appellee's allegation of fraud. See generally *Travelers Ins. Co. v. Blakey*, 177 Ga. App. 1, 2-3 (2) (338 SE2d 451) (1985). But see Division 3, infra.

(d) Appellant contends the trial court erred by excluding documents from the Department of Motor Vehicles listing items required in order for a certificate of title to be issued on the Datsun. Appellant argues this evidence was relevant as to his allegation that appellee falsely represented it possessed "good title" to the Datsun. However, since appellant conceded that there was no evidence appellee's salesman was not speaking the truth when the representation was made and that the salesman told appellant exactly what he (the salesman) understood the truth to be, any error in excluding this evidence as to appellant's claim of fraud was harmless. See generally *Parsells*, supra. But see Division 3, infra.

3. Appellant contends the trial court erred by granting a directed verdict to appellee on the claim raised in paragraph seven of appellant's complaint that he was injured by appellee's actions in placing the Datsun in the stream of commerce in violation of Georgia law. Although a review of the transcript lends support to appellee's argument that the trial was conducted solely on the claim of fraud, we do not find in the transcript such a clear and unequivocal waiver of appellant's paragraph seven issue as to have foreclosed consideration of the matter at trial. We therefore look to the merits of appellant's enumeration.

Appellant argues that a directed verdict was improper because there was evidence that appellee sold the Datsun in a manner unauthorized by law, citing OCGA § 40-3-35 (b) among other statutes allegedly violated by appellee. As evidence, appellant sought to have admitted certain answers by appellee to requests for admission in which appellee acknowledged that the Datsun was a salvage motor

vehicle as well as documents from the Department of Motor Vehicles setting forth items needed to be completed in order for a certificate of title to issue. We agree with appellant that this evidence was relevant to his paragraph seven claim (though not to his claim of fraud, see Division 2 (c) and (d), supra) and the trial court erred by not admitting it for this limited purpose.

The requirements which must be met in a directed verdict situation are very strict and where, as here, there is some, though slight, evidence to support an issue raised in the complaint, it cannot be said, as required by OCGA § 9-11-50 (a), that "the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." Therefore, it was error to direct a verdict for appellee on appellant's paragraph seven claim. See generally *Mansour v. McWilliams*, 172 Ga. App. 377, 378-379 (1) (323 SE2d 262) (1984).

*Judgment affirmed in part; reversed in part. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JANUARY 16, 1987 —
REHEARING DENIED JANUARY 28, 1987.

*Larry J. Barkley*, for appellant.
*Walter J. Matthews*, for appellee.