**Gary POE, Plaintiff,**

v.

**SEARS, ROEBUCK & COMPANY, INC., Defendant.**

**No. Civ.A. 1:96-CV-358-RWS.**

United States District Court, N.D. Georgia, Atlanta Division.

April 22, 1998.

Everette L. Doffermyre, Jr., Ralph Irving Knowles, Jr., Doffermyre, Shields, Canfield Knowles & Devine, Atlanta, GA, James J. Thompson, Jr., Hare, Wynn, Newell & Newton, Birmingham, AL, William M. Audet, The Alexander Law Firm, San Jose, CA, Laura Malyn Shamp, Brown & Shamp, Atlanta, GA, for plaintiff.

Dean S. Daskal, Elmer A. Simpson, Jr., Linda Grimes Birchall, Powell, Goldstein, Frazer & Murphy, Atlanta, GA, Stephen V. D'Amore, Steven F. Molo, Thomas J. Wiegand, Winston & Strawn, Chicage, IL, Timothy J. Nalepka, Sears, Roebuck & Company, Hoffman Estates, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

STORY, District Judge.

Plaintiff Gary Poe brought this diversity action for fraud, negligent misrepresentation and breach of contract. Plaintiff alleged Defendant sold him a used battery under the pretense that it was new. A status conference was held on April 3, 1998 at which time Plaintiff made an oral motion to reopen discovery for the purpose of deposing senior-level management of Sears. The Court concludes that additional discovery is not necessary. The record presently contains sufficient relevant evidence of Sears' policies and procedures. Therefore, Plaintiff's oral motion to reopen discovery is **DENIED**. This case is presently before the Court on Defendant's Motion for Summary Judgment [64–1], Plaintiff's Motion to Strike Affidavits of Stephen V. D'Amore, Bradley C. Graveline, Thomas Wiegand, Linda G. Birchall and Cleophus Thomas in Support of Motion to Strike Testimony of Ben Miller [104–1], Defendant's Motion to Strike Testimony of Ben Miller [100–1], and Plaintiff's Motion for Sanctions [96–1].

## I. FACTUAL BACKGROUND

On May 8, 1995, Gary Poe went to the Sears Auto Center in Anniston, Alabama to purchase new tires for his automobile. While waiting for his automobile, Poe went inside the Sears department store and decided to purchase a car battery. Poe went to the area where car batteries were sold. A salesperson approached and offered his assistance. Poe asked the salesperson if he had a group sixty-five battery, and the salesperson responded affirmatively while pointing to that particular battery on the shelf. While looking at the batteries, Poe noticed some of the batteries looked "pretty rough." Poe asked the salesperson whether the batteries were new, and he responded, "That's all we sell, new batteries." Poe then told the salesperson he would buy the battery pointed out and the salesperson carried the battery to the counter where Poe purchased it.

When Poe's car was ready, the salesperson placed the battery in the trunk of Poe's car and Poe left. As he was passing by a Mr. Battery Store, Poe decided to stop at the store and talk with the store owner, Steve Burt. Poe told Burt he had just purchased a battery and Burt asked to look at it. When Burt saw the battery, he told Poe the battery was not new. Poe stated again that he had just purchased the battery. Burt identified scratches on the battery posts and marks on the side of the battery which he believed demonstrated that the battery was not new.

## II. LEGAL ANALYSIS

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that the court shall grant summary if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is (1) no genuine issue as to any material fact and that (2) the moving party is entitled to judgment as a matter of law." The applicable substantive law identifies which facts are material. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Id.* at 249–50, 106 S.Ct. at 2510–11.

When the non-movant has the burden of proof at trial, the movant may carry its burden at summary judgment by demonstrating the absence of an essential element of the non-movant's claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.E.2d 265 (1986). In determining whether the movant has met this burden, the district court must view the evidence and all factual inferences in the light most favorable to the non-movant. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513–14. If the movant meets this burden, the non-movant then has the burden of showing that summary judgment is not appropriate by setting forth "specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e).

### B. Choice of Law

A federal court sitting in a diversity action must apply the substantive law of the state in which the court sits including choice

of law rules of the forum state. *Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Wright v. Standard Oil Co. Inc.,* 470 F.2d 1280 (5th Cir.1972); *Cambridge Mutual Fire Ins. Co. v. City of Claxton,* 720 F.2d 1230 (11th Cir.1983). In the case at bar, Georgia is the forum state. Generally, Georgia courts prohibit the application of a foreign state's common law. See *Avnet, Inc. v. Wyle Laboratories Inc.,* 263 Ga. 615, 437 S.E.2d 302 (1993). In Georgia, a tort action is adjudicated according to the law of the place where the wrong occurred, and a contract action is adjudicated according to the law of the place where the contract was made. *Broyles v. Bayless,* 878 F.2d 1400 (11th Cir. 1989); *Boardman Petroleum Inc. v. Federated Mut. Ins.,* 135 F.3d 750 (11th Cir.1998). However, where the plaintiff fails to plead a foreign statute, it is presumed that the foreign state follows the common law and the court should apply Georgia law. *Avnet,* 437 S.E.2d at 306. In the case at bar, Plaintiff failed to plead a foreign statute as to any of his claims. Therefore, this Court will apply Georgia law in determining whether Plaintiff's claims can survive Defendant's Motion for Summary Judgment.

C. Reliance

 To recover for fraud, Plaintiff must prove (1) Defendant made a false representation, (2) Defendant acted with scienter, (3) Defendant intended to induce Plaintiff to act, (4) Plaintiff justifiably relied on Defendant's representation, and (5) Plaintiff was damaged. *Crawford v. Williams,* 258 Ga. 806, 375 S.E.2d 223 (1989). Defendant contends Plaintiff's fraud claim must fail because Plaintiff did not rely on any alleged misrepresentation by a Sears employee. Defendant argues because Plaintiff testified that he did not believe the salesperson's statement that the batteries were new, Plaintiff did not rely on the statement. Although Plaintiff testified that he did not believe the salesperson's statement, this evidence does not demand summary judgment in Defendant's favor. It is not clear from the deposition whether this testimony related to the battery Plaintiff purchased or to other batteries located on the shelf. On a motion for summary judg-

ment, the Court must determine whether there exists a genuine issue of fact. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510, 91 L.Ed.2d at 202 (1986). Defendant ignores other evidence of Plaintiff's reliance. Plaintiff also testified that he went into the auto center to purchase a new battery. Plaintiff asked the salesperson if the batteries offered for sale were new, and Plaintiff purchased a battery after the salesperson indicated that they were new. Furthermore, Plaintiff showed the battery to Burt believing it was a new battery.

Defendant argues the case at bar is similar to *Henderson v. Glen Oak, Inc.,* 179 Ga.App. 380, 346 S.E.2d 842 (1986). In *Henderson,* the Georgia Court of Appeals held the trial court did not err in failing to give a charge on the elements of fraud because the plaintiff testified that he did not believe the defendant's representations were true. In that case, there is no indication the record contained any evidence of reliance other than the plaintiff's testimony that he did not believe the defendant's representations. In this case, there is conflicting evidence of reliance in the record. Compare *Parsells v. Orkin Exterminating Co., Inc.,* 172 Ga.App. 74, 322 S.E.2d 91 (1984) (court held there was absolutely no evidence of reliance where defendant's attempt to deceive plaintiff had obviously failed). Therefore, the Court concludes there is at least an issue of fact as to whether Plaintiff relied on the salesperson's representation regarding the condition of the battery.

D. Damages

 Defendant contends Plaintiff sustained no damage or injury with respect to any of his claims, and the Court should grant summary judgment to Defendant. "Fraud, accompanied by damage to the defrauded party, always gives a right of action to the injured party." O.C.G.A. § 51–6–1. To recover for fraud, the plaintiff must show that he has been damaged and he must establish the amount of damages by providing the factfinder with evidence from which it can calculate the amount of loss with reasonable certainty. *Brooks v. Dime Savings Bank of New York,* 217 Ga.App. 441, 457 S.E.2d 706,

708 (1995). In an action for fraudulent inducement to enter a contract for purchase and sale, the measure of damages is the actual loss sustained by the plaintiff; in the case at bar, the measure of actual damages would be the difference between the value of battery at the time of delivery and what would have been its value if the representations were true. *Kunzler Enterprises, Inc. v. Rowe*, 211 Ga.App. 4, 438 S.E.2d 365 (1993). Defendant argues there is no competent evidence to support Plaintiff's contention that the battery he purchased was worth less than a new battery. As to actual damages, Plaintiff failed to point to specific evidence of value which would demonstrate a triable issue of fact. A general averment that the value of an item is exceedingly less than the price paid is merely conclusory and does not raise a fact issue as to value for purposes of summary judgment. *Land v. Consolidated Credit Corp.*, 117 Ga.App. 275, 160 S.E.2d 219 (1968). Therefore, due to a lack of evidence in the record on actual damages, Plaintiff's fraud claim must fail. Consequently, because Plaintiff cannot maintain a claim for fraud, Plaintiff's claim for punitive damages must also fail. See *Johnson v. Waddell*, 193 Ga.App. 692, 388 S.E.2d 723 (1989) (where trial court directed verdict on fraud claim, there was no basis for an award of punitive damages); *Parsells*, 322 S.E.2d at 92 (where plaintiff failed to demonstrate cause of action for fraud, punitive damages unavailable); *Trust Co. Bank v. Citizens & Southern Trust Co.*, 260 Ga. 124, 390 S.E.2d 589 (1990) (punitive damages not available in actions for breach of contract).

■ Similarly, to recover for negligent misrepresentation, the plaintiff must show that he sustained a pecuniary loss. *Robert & Co. Assoc. v. Rhodes–Haverty Partnership,* 250 Ga. 680, 300 S.E.2d 503 (1983). Plaintiff failed to point to evidence in the record that the value of the battery purchased by Plaintiff was less than the purchase price. Therefore, Plaintiff's claim for negligent misrepresentation must also fail.

■ However, Plaintiff's claim for breach of contract must be judged by a different standard. "In every case of breach of contract the injured party has a right to damages, but if there has been no actual damage, the injured party may recover nominal damages sufficient to cover the costs of bringing the action." O.C.G.A. § 13–6–6. Although the measure of damages for Plaintiff's tort claims is the same as that for Plaintiff's contract claim, summary judgment on the contract claim for the failure to prove damages is not appropriate. See *Schuler v. Dearing Chevrolet Co.*, 76 Ga.App. 570, 46 S.E.2d 611, 615 (1948), (measure of damages where one party is under contract to sell personal property to another, and breaches that contract, generally is the difference between the contract price and the market value at the time and place for delivery). The possible recovery of nominal damages is sufficient to preclude summary judgment. See *Bishop v. International Paper Co.*, 174 Ga.App. 863, 332 S.E.2d 12, 14 (1985); *Hadden v. Southern Messenger Serv.*, 135 Ga. 372, 69 S.E. 480 (1910); *Crawford & Assoc. v. Groves–Keen, Inc.*, 127 Ga.App. 646, 194 S.E.2d 499 (1972). Therefore, Plaintiff's claim for breach of contract claim survives Defendant's motion if Plaintiff can establish a genuine issue of fact as to liability. See *Bishop*, 332 S.E.2d at 14.

■ Defendant argues all of Plaintiff's claims must fail because there is no reliable evidence that the battery purchased by Plaintiff was indeed a used battery. At this stage of the proceedings, Defendant's attack on Plaintiff's expert's testimony as to the condition of the battery is improper. There is evidence that Bert is qualified to testify on the issue before the Court, and on the present motion, this Court cannot decide to accept or reject Plaintiff's expert's testimony. Because opinion evidence can be sufficient to preclude granting summary judgment and there is evidence in the record which could indicate the battery purchased by Plaintiff was used, there is a factual issue of whether Defendant is liable to Plaintiff for breach of contract. *Empire Shoe Co. v. NICO Industries Inc.*, 197 Ga.App. 411, 398 S.E.2d 440 (1990).

E. Plaintiff's and Defendant's Motions to Strike

■ Federal Rule of Civil Procedure 12(f) provides, "Upon motion made by a par-

ty before responding to a pleading ... or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." See also Fed.R.Civ.P. 7(a). Although both motions address testimonial evidence rather than matters contained in a pleading, the Court will excuse the procedural defects in each motion and assess its merits. But see *Friedlander v. Troutman, Sanders,* 595 F.Supp. 1442 (N.D.Ga.1984), rev'd on other grounds, 788 F.2d 1500 (11th Cir.1986). *Smith v. Ortho Pharmaceutical Corp.,* 770 F.Supp. 1561 (N.D.Ga.1991) (where trial court refused to sanction use of Rule 12(f) motion for the advancement of objections to an affidavit filed in support of a motion).

 Plaintiff contends Defendant's affidavits attack Ben Miller's credibility rather than his competency or qualifications and the Court should disregard Defendant's affidavits in determining whether Miller's testimony is admissible. However, Defendant argues under Federal Rule of Evidence 104 the Court can and should consider any evidence whatsoever in determining the admissibility of Ben Miller's testimony. Rule 104(a) permits a trial court to decide preliminary questions of admissibility unrestrained by the rules of evidence except those with respect to privileges. See also Fed.R.Civ.P. 1101(c)(1). Defendant's affidavits were submitted in support of a motion to strike rather than a motion for summary judgment.[1] On a motion for summary judgment, the Court is required to consider only admissible evidence, but the Court is not so limited on Defendant's Motion to Strike. Fed.R.Civ.P. 56(e). Plaintiff attacks Defendant's affidavits as inadmissible and improper. However, on Defendant's Motion to Strike, the Court will consider Defendant's affidavits in determining whether the testimony of Ben Miller is admissible under Rule 403. Therefore, Plaintiff's Motion to Strike is denied.

 Defendant contends the deposition testimony of Ben Miller should be ex-cluded in its entirety under Fed.R.Evid. 403 and 104 because its probative value is far outweighed by the danger of unfair prejudice to Defendant. Miller, an Anniston, Alabama Sears employee, was first deposed on March 19, 1997. After being terminated by Defendant, Miller was deposed again on June 25, 1997. Defendant characterized Miller's testimony as inherently untrustworthy and inflammatory to Defendant and its counsel. Miller's depositions include testimony regarding Defendant's business practices with regard to the sale of car batteries and testimony regarding alleged misconduct by defense counsel in procuring perjured testimony by Miller. Miller's testimony is relevant on the issue of whether Defendant sold Plaintiff a used battery and whether Miller's testimony is credible. Although under Rule 403 the Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, the Court may not exclude evidence on the basis that it lacks credibility. *United States v. Thompson,* 615 F.2d 329 (5th Cir.1980). In determining the probative value of Miller's testimony, the Court must look at the evidence as if it were true rather than quantifying its trustworthiness. See *Ballou v. Henri Studios,* 656 F.2d 1147 (5th Cir. Unit A September 25, 1981). In determining if the probative value of Miller's testimony is substantially outweighed by the danger of unfair prejudice, the Court must determine whether there is a substantial risk the jury would make factual findings on some improper basis. In the case at bar, Defendant failed to demonstrate how mere allegations of misconduct by defense counsel from a witness who has given self-contradictory testimony would prejudice Defendant in the eyes of the jury. Because there is no evidence to lead this Court to conclude the risk of unfair prejudice of Miller's testimony substantially outweighs its probative value, Defendant's motion to strike must be denied.

### G. Plaintiff's Motion for Sanctions

 Plaintiff contends defense counsel engaged in sanctionable conduct by submit-

---

1. At the April 3, 1998 status conference, the parties agreed that rulings on Plaintiff's and Defendant's motions to strike were not necessary to a decision on Defendant's Motion for Summary Judgment.

ting false declarations and knowingly arguing inaccurate facts to the Court. Federal Rule of Civil Procedure 11 authorizes a district court to impose sanctions when a party presents a pleading or motion for an improper purpose, presents allegations or factual contentions lacking in evidentiary support or unlikely to have evidentiary support after a reasonable opportunity for investigation or proffers denials of factual contentions unwarranted by the evidence. Fed.R.Civ.P. 11(b). In determining whether there has been a Rule 11 violation, the court must use an objective standard to determine whether the accused party acted unreasonably or with bad faith. *Donaldson v. Clark*, 819 F.2d 1551(11th Cir.1987); *Worldwide Primates Inc. v. McGreal*, 26 F.3d 1089 (11th Cir. 1994).

■■■ Plaintiff argues declarations of employees of Sears' manufacturing vendors contained false representations and defense counsel knowingly represented them to the Court as true. Thomas E. Julian, Senior Project Engineer of Delphi Energy & Management Systems of General Motors Corporation, testified by affidavit that markings on battery posts shown in two photographs of car batteries were consistent with markings caused by the testing, charging and/or shipping processes at the Delphi plant. See Exhibit 10 in support of Defendant's Supplemental Memorandum in Opposition to Preliminary Injunction. Michael E. Greenlee, Vice President of Engineering of Exide Corporation, made similar statements. See Exhibit 11 in support of Defendant's Supplemental Memorandum in Opposition to Preliminary Injunction. Subsequent testimony was never taken from Julian. However, when Greenlee testified at a subsequent deposition, he viewed one of the batteries shown in the photographs and stated that marks on the batteries were not caused by testing or charging at the plant.

Submission of the Greenlee declaration is not sanctionable conduct because Greenlee's deposition testimony does not directly contradict his prior declaration. Greenlee was shown only one of the two batteries represented in photographs, and there is no evidence the photographs were inaccurate depictions of the actual condition of each battery or that markings as depicted in the photograph of the battery looked the same upon sight. Therefore, there is no evidence to support the conclusion that defense counsel engaged in conduct in violation of Rule 11. As to the Julian declaration, there is no subsequent testimony to support Plaintiff's contention that the Julian declaration contained misrepresentations and should be stricken.

■■ Plaintiff also argues defense counsel should be sanctioned for encouraging Miller to testify falsely at his first deposition. Whether Miller was encouraged to give false testimony at his first deposition is a credibility issue that must be determined by the jury. See *Worldwide Primates*, 26 F.3d at 1089. Therefore, the Court concludes defense counsel did not present a pleading or motion for an improper purpose, present allegations or factual contentions lacking in evidentiary support or unlikely to have evidentiary support after a reasonable opportunity for investigation or proffer denials of factual contentions unwarranted by the evidence. Defense counsel did not engage in any other conduct in violation of Rule 11 or any conduct warranting the imposition of sanctions.

## III. ORDER

For the aforementioned reasons, Defendant's Motion for Summary Judgment [64–1] is **GRANTED in part and DENIED in part.** Plaintiff's Motion to Strike Third Supplemental Memorandum in Opposition to Motion for Certification of Class [121–1] is **DENIED** as moot. Plaintiff's Motion to Strike Affidavits of Stephen V. D'Amore, Bradley C. Graveline, Thomas Wiegand, Linda G. Birchall and Cleophus Thomas in Support of Motion to Strike Testimony of Ben Miller [104–1] is **DENIED.** Defendant's Motion to Strike Testimony of Ben Miller [100–1] is **DENIED.** Plaintiff's Motion for Sanctions [96–1] is **DENIED.**